IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 11 |
| Archdiocese of Milwaukee, | Case No. 11-20059-SVK |
| Debtor. | Hon. Susan V. Kelley |

Archdiocese of Milwaukee

        Plaintiff,

and                                        Adv. Pro No. 12-02835-SVK

**Donald Marshall**
**Dean Weissmuller**

        Additional Plaintiffs,

vs.

**STONEWALL INSURANCE**
**COMPANY; CERTAIN UNDERWRITERS**
**AT LLOYD'S, LONDON, et al.,**

        Defendants and Counter-Plaintiffs.

---

**REPLY OF LONDON MARKET INSURERS IN SUPPORT OF THEIR MOTION TO**
**WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING PURSUANT**
**TO 28 U.S.C. § 157(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011(a)**

---

      Certain Underwriters at Lloyd's, London, Ageas Insurance Limited (f/k/a Bishopsgate Insurance Company Ltd.), Allianz Suisse Versicherungs-Gesellschaft AG (f/k/a Helvetia Accident Insurance Company and Helvetia Accident Gibbon N.M. Group/Helvetia Accident

Russell W. Roten
Jeff D. Kahane
DUANE MORRIS LLP
865 South Figueroa Street, Suite 3100
Los Angeles, California 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: rwroten@duanemorris.com
jkahane@duanemorris.com
DM3\2442825.1

Swiss Ins. Co.), Assicurazioni Generali S.p.A (f/k/a General Insurance Company of Trieste and Venice), Delta Lloyd Schadeverzekering NV (f/k/a Delta Lloyd Non Life Ltd.), Dominion Insurance Company Ltd., Excess Insurance Company Limited, Harper Insurance Limited (f/k/a Turegum Insurance Company Ltd.), Helvetia Swiss Insurance Company (f/k/a Alba General Insurance Company Limited), London & Edinburgh Insurance Company Limited (f/k/a London & Edinburgh General Ins. Co. Ltd., London & Edinburgh General Ins. Co., and London & Edinburgh General Ltd.), National Casualty Co., National Casualty Co. of America, National Casualty Co of America Ltd., NRG Victory Reinsurance Limited (f/k/a New London Reinsurance Ltd.), Ocean Marine Insurance Company Limited (as successor-in-interest to Edinburgh Assurance Company Limited No. 2 A/C), Ocean Marine Insurance Company Limited (as successor-in-interest to World Auxiliary Insurance Corporation Limited), River Thames Insurance Company Limited, Select Markets Insurance Company (f/k/a Argonaut Northwest Insurance Company), Stronghold Insurance Company Limited, and Winterthur Swiss Insurance Company (f/k/a Accident & Casualty Insurance Company, Accident & Casualty Company, Accident & Casualty No. 2 Account, Accident & Casualty No. 3 Account, Accident & Casualty Ins. Co. of Winterthur, Accident & Casualty Ins. Co. of Winterthur No. 2 Account, and Accident & Casualty Ins. Co. of Winterthur No. 3 Account), who subscribed severally and not jointly as their interests appear to one or more of Umbrella Liability Policy Nos. MO-8537/3789, MO-8539/3791, MO-8538/3790, MO-4857/9798, MO-4862/9799, MO-4863/9800, MO-10420/5355, MO-10421/5356, MO-10422/5413 (collectively, "London Market Insurers"), by and through their attorneys, Duane Morris LLP and Sedgwick LLP, hereby reply to the Omnibus Opposition of Additional Plaintiffs to Motions to Withdraw the Reference of this Adversary Proceeding

Pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a) ("Opposition") and respectfully state as follows:

## INTRODUCTION

1. The only question for the Court to consider is when, not whether, the reference of this case must be withdrawn. The answer to that question is that the reference to this case should be withdrawn now.

2. In their Memorandum of Law in Support of London Market Insurers' Motion to Withdraw the Reference of this Adversary Proceeding Pursuant to 28 U.S.C. § 157(D) and Federal Rule of Bankruptcy Procedure 5011(a), filed on January 15, 2013, Docket Number ("Dkt. No.") 22 ("Memorandum"), LMI argued that (a) the Motion was timely filed; (b) the claims at issue in this case are within the Bankruptcy Court's non-core, related-to jurisdiction; (c) that Movants are entitled to a jury trial on factual issues in this case, and (d) that Movant's right to a jury trial is sufficient cause to withdraw the reference. Memorandum at 6-11. In their Opposition, the Plaintiffs do not contest, and thereby concede, each of these points.

3. Notably, the Archdiocese does not oppose LMI's Motion to Withdraw the Reference. The only argument that the Additional Plaintiffs Weissmuller and Marshall ("Plaintiffs") raise in the Opposition is that the Court should not withdraw the reference until it is time for trial. However, the Court should withdraw the reference now because to do otherwise would be a waste of judicial resources. The Bankruptcy Court has no particular familiarity with the facts and legal theories that will be at issue in this insurance coverage case. The only way to acquire such familiarity is to conduct the case. This Court needs that familiarity because this Court must conduct the trial.

4. Moreover, in this Circuit, it is well-recognized that when the claims at issue are within a Bankruptcy Court's non-core, related-to jurisdiction, such fact is alone sufficient cause

3

DM3\2442825.1
Case 12-02835-svk    Doc 40    Filed 02/19/13    Page 3 of 20

to withdraw the reference. This is because the other factors that district courts examine, *i.e.*, efficiency, uniformity and judicial economy, are largely subsumed within the core proceeding inquiry. This is especially true when a party, such as LMI, are standing on their jury trial rights. Here, there is no dispute that the claims in this case are non-core. There is also no dispute that LMI have jury trial rights.

5. Finally, it is likely that the bankruptcy case ultimately will be resolved through the formulation of a plan of reorganization by the Archdiocese. It is customary in bankruptcy cases, which have insurance issues to include insurance neutrality language in court orders and plans of reorganization that might affect insurance. Insurance neutrality language preserves the insurance coverage issues raised in the bankruptcy case to the insurance coverage case. Such language protects insurers' rights and streamlines the litigation of the bankruptcy case, which ensures an earlier resolution of the bankruptcy case than might otherwise occur. It is possible that insurance neutrality language will be included in a plan in the Archdiocese's bankruptcy case. Such language has been adopted in other diocesan bankruptcy cases, including, *e.g.*, the Archdiocese of Portland bankruptcy case and the recent Diocese of Wilmington bankruptcy case. As set forth in the Argument, Section II, *supra*, LMI will seek insurance neutrality language similar to that included in the Diocese of Wilmington's plan of reorganization. If such language is included in the Archdiocese's plan of reorganization, there would be even less reason for the Court to leave this case in the Bankruptcy Court because the confirmation of a plan should have no effect whatsoever on the coverage action or insurers' rights.

# ARGUMENT

## I. Courts in the Seventh Circuit Routinely Withdraw the Reference to Matters Because they Are Non-Core and the Withdrawal Serves Judicial Economy

### A. The Bankruptcy Court Has No Familiarity with the Facts and Legal Theories at Issue in this Case

6. The Bankruptcy Court's familiarity with the facts and the legal theories that have been argued in the bankruptcy case is irrelevant to this case. The facts relevant to a coverage case are different than the facts relevant to the bankruptcy case; the legal theories are also different, which is the reason that District Courts in this Circuit commonly withdraw the reference to coverage cases. *Allied Prods. Corp. v. Hartford Accident & Indemnity Co. (In re Allied Prods. Corp.)*, 2003 U.S. Dist. LEXIS 2596 (N.D. Ill. Feb. 20, 2003)[1]; *Comdisco, Inc. v. St. Paul Fire & Marine Ins. Co. (In re Comdisco, Inc.)*, 2004 U.S. Dist. LEXIS 20943 (N.D. Ill. Oct. 7, 2004) ("the bankruptcy court is in no better position to resolve the insurance dispute than a district court because its familiarity with the bankruptcy case has no bearing on the insurance issues."). Thus, the Bankruptcy Court's familiarity with the bankruptcy proceedings in the Archdiocese's bankruptcy case will not help it address the state law insurance coverage issues raised in this action.

7. The Wisconsin state insurance law issues in this case include, *inter alia*:

(i) There is no coverage under LMI's insurance policies if the Archdiocese has not incurred any legal liability for tort claims because:

    (A) the tort claims against the Archdiocese are barred by statutes of limitations, or

---

[1] A copy of the unpublished cases cited herein are attached hereto as **Exhibit "A"**.

(B) there has not been a sufficient showing that any such claims are timely or viable.

(ii) There is no potential for coverage under LMI's insurance policies for any loss related to the tort claims against the Archdiocese, even if the Archdiocese is found liable for such claims, based on policy terms, conditions, and exclusions.

(iii) There is no potential for coverage under LMI's insurance policies for loss related to tort claims against the Archdiocese, should the Archdiocese be found liable for such claims, because any such loss would not constitute a fortuitous loss and coverage for such claims or loss would be prohibited under Wisconsin public policy.

Bankruptcy Courts typically have little experience dealing with such issues of state insurance law. Thus, leaving the referral of this case with the Bankruptcy Court would serve little purpose.

8. The District Court for the Southern District of Indiana pointed out in another coverage action that by withdrawing the reference to the entire case at the beginning of the coverage action, it would obtain a familiarity with the issues without wasting judicial resources:

> ... there is no indication that withdrawal of reference will increase delay and costs to the parties either. Certain efficiencies would be lost were the bankruptcy court to proceed with pretrial matters; the district court would not gain a valuable familiarity with the case that could assist it leading up to and through trial. Though the bankruptcy court could issue proposed findings of fact and conclusions of law, 28 U.S.C. § 157(c)(1), in the court's view, considerations of judicial economy favor withdrawal of the reference. *See Orion Pictures Corp.*, 4 F.3d at 1101 ("the fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court"); *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997) (where bankruptcy court's decision is subject to *de novo* review, it is a more efficient use of judicial resources to decide the case in the district court); *In re Almac's, Inc.*, 202 B.R. 648, 659 (D.R.I. 1996) (withdrawing reference to avoid the waste of judicial resources that would result from a *de novo* review of bankruptcy court's findings).

6

DM3\2442825.1

Case 12-02835-svk    Doc 40    Filed 02/19/13    Page 6 of 20

*Wellman Thermal Sys. Corp. v. Columbia Cas. Co.*, 2005 U.S. Dist. LEXIS 45725, 11-12 (S.D. Ind. Oct. 5, 2005).

9. Here, the Court also should withdraw the reference to the entire case at the beginning of the case because it will attain a familiarity with the case that will assist the Court at trial. The Bankruptcy Court cannot try this case because LMI are entitled to a jury trial on factual issues. Should the Court withdraw the reference at a later date, the duplication of effort required for both the Bankruptcy Court and District Court to familiarize themselves with the relevant facts and legal theories would waste judicial resources.

**B.     The Fact that the Claims in this Case Are Non-Core Is the Most Important Factor for the Court to Consider in Deciding Whether to Grant the Motion**

10. Section 157(d) of Title 28 permits a District Court to withdraw the reference for cause shown. It states "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). It is black letter law in this Circuit that District Courts have "'broad discretion to determine whether to withdraw a reference based on cause' . . . ." *S.V. v. Kratz*, 2012 U.S. Dist. LEXIS 104110 (E.D. Wis. July 25, 2012) (quoting *Grochocinski v. LaSalle Bank Nat'l Ass'n (In re K & R Express Sys., Inc.)*, 382 B.R. 443, 446 (N.D. Ill. 2007)).

11. The statute itself does not define what constitutes cause, but courts have considered a number of factors including whether the proceeding is core or non-core, considerations of judicial economy and convenience, promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial. *See, e.g., In re Beale*, 410 B.R. 613, 617 (N.D. Ill. 2009). The most important factor is whether a proceeding is core or

non-core. *K&R Express*, 382 B.R. at 446; *Coe-Truman Techs. v. United States Gov't (In re Coe-Truman Techs.)*, 214 B.R. 183, 187 (N.D. Ill. 1997).

12. "[A] proceeding is core . . . if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990), *cert. denied*, 498 U.S. 1089, 112 L. Ed. 2d 1054, 111 S. Ct. 968 (1991). The claims in this case involve the interpretation of insurance contracts under Wisconsin state law. The claims do not invoke a substantive right provided by Chapter 11 and could arise outside of a bankruptcy case. Plaintiffs do not contest and thereby concede that the claims in this action are non-core. The Archdiocese concedes that the claims in this case are non-core. Archdiocese Statement re Motion to Withdraw the Reference, ¶ 6, filed February 5, 2013, Docket Number 38.

   **C. Because the Claims Are Non-Core and LMI Have a Right to a Jury Trial, Judicial Economy Weighs Heavily in Favor of Withdrawing the Reference**

13. The simple fact that the claims at issue in this case are non-core is sufficient cause for the Court to withdraw the reference. "In the context of withdrawal, whether a proceeding is core or non-core may be seen as shorthand for the analysis of efficiency, uniformity, and judicial economy concerns." *Levin v. FDIC*, 2012 U.S. Dist. LEXIS 6682 (S.D. Ind. Jan. 19, 2012) (citing *K&R Express*, 382 B.R. at 446 ("efficiency, uniformity and judicial economy concerns are largely subsumed within [the core proceeding inquiry]")). Thus, a determination that the claims at issue in an action are non-core is sufficient cause to withdraw the reference. *Coe-Truman Techs*, 214 B.R. at 187.

> This [non-core] finding weighs heavily in favor of withdrawing the reference. As a non-core proceeding, the bankruptcy court's decision will be subject to *de novo* review in this Court. 28 U.S.C. § 157(c)(1). We find, therefore, that it is a more efficient use of judicial resources for this Court to decide this case in the first instance. *See In re FMG, Inc.*, 1991 U.S. Dist. LEXIS 15437, No. 91 C 6018,

8

1991 WL 230390 (N.D. Ill. Oct. 28, 1991) (non-core nature of proceeding sufficient to support discretionary withdrawal).

*Id.* Because the claims in this case are non-core, the Court has sufficient cause to withdraw the reference.

14. Considerations of judicial economy are even more significant when a party to the proceeding has a jury right and does not consent to trial in the Bankruptcy Court. *K&R Express*, 382 B.R. at 448. "As a general matter, 'when a party to a non-core proceeding stands on its right to trial by jury . . . and the parties do not consent to adjudication by the bankruptcy court, it is better for the court to withdraw the referral.'" *Travelers Ins. Co. v. Goldberg*, 135 B.R. 788, 792 (D. Md. 1992) (quoting *In re Novak*, 116 B.R. 626, 627 (N.D. Ill. 1990) (finding that because the District Court would likely be required to make *de novo* factual determinations and hold a jury trial, "a referral appears to be a futile detour, requiring substantial duplication of judicial effort...."). "In short, the effect of plaintiffs' jury demand, combined with the non-core nature of this action work to make referral to the Bankruptcy Court a limited and inefficient tool." *Id.* at 793.

15. As LMI argued in their Memorandum, and Plaintiffs do not contest, LMI are entitled to a jury trial on factual issues in this matter. The fact that LMI are entitled to a jury trial in this matter is, alone, sufficient cause for the Court to withdraw the reference. *See* Memorandum at 8-11. When LMI's right to a jury trial is coupled with the fact that the claims at issue in this case fall within the non-core, related-to jurisdiction of the Bankruptcy Court, the Court should have little doubt that it should withdraw the reference now because withdrawal serves the principle of judicial economy.

16. Thus, the Court should withdraw the reference because (i) the parties are entitled to a jury trial; (ii) the Court will have to issue a final judgment after a *de novo* review of the facts
9

and legal issues, which would waste judicial resources; and (iii) withdrawing the reference at this time will allow the Court to obtain the familiarity with this case that will be necessary for the trial.

## II. Because it Is Customary for Diocesan Plans to Include Insurance Neutrality Language, There Is No Reason to Leave this Case in the Bankruptcy Court

17. In its bankruptcy case, the Archdiocese has adopted a strategy of objecting to large numbers of claims on various grounds because the Archdiocese has no legal liability for such claims. LMI support the Archdiocese's attempts to disallow claims for which the Archdiocese has no legal liability by filing claims objections because, through this process, the Archdiocese can reduce the number of unmeritorious claims that must be addressed in the bankruptcy case.

18. Claims that cannot be addressed by such procedures must either be tried, or addressed through a plan. Although the causes of action are not clearly set forth in the Proofs of Claim filed in the Bankruptcy Court, the Supreme Court of Wisconsin has ruled that negligence claims are barred by the statute of limitations, and the Bankruptcy Court has ruled that negligent misrepresentation claims are similarly barred. Thus, the claims that are pending in the bankruptcy case all appear to be fraud claims of one sort or another.

19. The Bankruptcy Court has stated that it has not yet determined whether the pending fraud claims are personal injury claims. The Bankruptcy Court must ultimately determine whether such claims are personal injury claims. If the Bankruptcy Court determines that the fraud claims against the Archdiocese are not personal injury claims, then damages relating to personal injury claims would obviously not be available. If the Bankruptcy Court determines that the fraud claims against the Archdiocese are personal injury claims, then only this Court can try such claims. 28 U.S.C. § 157(b)(5).

20. Any claims not resolved by the Bankruptcy Court or this Court likely would be addressed in a plan. To simplify the litigation of insurance issues in bankruptcy cases, it is customary for bankruptcy courts to include insurance neutrality language in orders approving motions, and in confirmation orders, so that insurers' rights are not affected by such orders. *See, e.g., In re Combustion Eng'g, Inc.*, 391 F.3d 190, 209 (3d Cir. 2004); *In re UAL Corp.*, Case No. 02-48191 (ERW) (Bankr. N.D. Ill.), *slip op.* (Jan. 15, 2003) at 3-4; *In re Solutia Inc.*, Case No. 03-17949 (PCB) (Bankr. S.D.N.Y.), *slip op.* (July 28, 2005) at 2, 5; *In re A.P.I., Inc.*, 331 B.R. 828 (Bankr. D. Minn. 2005). It is also customary for debtors to include such language in their plans of reorganization so that insurers' rights will not be affected by the plan and the insurers will not object to confirmation of the plan. *See, e.g., Fourth Amended and Restated Joint Prepackaged Plan of Reorganization for Mid-Valley, Inc., DII Industries, LLC, Kellogg Brown & Root, Inc., KBR Technical Services, Inc., Kellogg Brown & Root Engineering Corporation, Kellogg Brown & Root International, Inc. (a Delaware Corporation); Kellogg Brown & Root, Inc. (a Panamanian Corporation), and BPM Minerals, LLC under Chapter 11 of the United States Bankruptcy Code*, § 11.4 at 25, filed May 17, 2004, in *In re Mid-Valley, Inc.*, Case No. 03-35592, in the Bankruptcy Court for the Western District of Pennsylvania, Dkt. No. 1513; *Fourth Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (as Modified as of March 28, 2008)*, § 10.4 at 38, filed March 28, 2008, in *In re Quigley Company, Inc.*, Case No. 04-15739 in the Bankruptcy Court for the Southern District of New York, at Dkt. No. 1380.

21. Plans of reorganization for diocesan entities also usually include such language. For example, in the Archdiocese of Portland case and the recent Diocese of Wilmington bankruptcy case, both plans had insurance neutrality language. *Joint Plan of Reorganization of*

11

*Debtor, Tort Claimants Committee, Future Claimants Representative, and Parish and Parishioners Committee*, filed December 18, 2006, Dkt. No. 4231, § 6.6, at 40-41, in *In re Roman Catholic Archbishop of Portland in Oregon, and Successors, a Corporation Sole, dba Archdiocese of Portland in Oregon*, Case No. 04-37154, in the Bankruptcy Court for the District of Oregon; *Second Amended Plan of Reorganization of Catholic Diocese of Wilmington, Inc.*, filed May 23, 2011, Dkt. No. 1321, § 11.2(b) at 30, in *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560, in the Bankruptcy Court for the District of Delaware. Those plans were confirmed by the Bankruptcy Courts in those cases, without objection by insurers. Any plan of reorganization that is confirmed in the Archdiocese's bankruptcy case should also have insurance neutrality language. LMI will seek the inclusion of such language in a plan in the Archdiocese's bankruptcy case similar to that adopted in the Diocese of Wilmington case. That language is as follows:

> Nothing in the Plan, any exhibit to the Plan, any confirmation order, or any other order of the Bankruptcy Court to the contrary (including any other provision that purports to be preemptory or supervening or grants a release): (a) shall affect, impair or prejudice the rights and defenses of any insurer, the Debtor, the plan trust, or any other insureds under any insurance policy in any manner; (b) shall in any way operate to, or have the effect of, impairing or having any *res judicata*, collateral estoppel, or other preclusive effect on any party's legal, equitable, or contractual rights or obligations under any insurance policy in any respect; (c) shall determine the reasonableness of the Plan or any settlement embodied by the Plan, in any way whatsoever; (d) shall be subject to, controlled or affected by, *UNR Ind. V. Continental Cas. Co.*, 942 F.2d 1101 (7th Cir. 1991); or (e) shall otherwise determine the applicability or nonapplicability of any provision of any insurance policy and any such rights and obligations shall be determined under the insurance policy and applicable law. Additionally, any action against any insurer related to any insurance policy shall be brought in a court of competent jurisdiction other than the Bankruptcy Court; *provided, however,* that nothing herein waives any right of the Debtor, the plan trust, or any insurer to require arbitration to the extent the relevant insurance policy provides for such.

22. Should such language be included in a plan by the Archdiocese, the Archdiocese's plan would not affect LMI or the coverage litigation, meaning that there is even

12

DM3\2442825.1

Case 12-02835-svk    Doc 40    Filed 02/19/13    Page 12 of 20

less connection between the bankruptcy case and this case. Thus, there should be little reason to leave the reference of this case with the Bankruptcy Court.

## CONCLUSION

WHEREFORE, London Market Insurers respectfully request that the District Court withdraw the reference from the Bankruptcy Court of the above-captioned adversary proceeding.

Dated: February 19, 2013

Respectfully submitted,

London Market Insurers
by their counsel,

**DUANE MORRIS LLP**

By: /s/ Jeff D. Kahane
Russell W. Roten (CA Bar No. 170571)
Jeff D. Kahane (CA Bar No. 223329)
Duane Morris LLP
865 S. Figueroa Street, Suite 3100
Los Angeles, CA 90017-5450
Telephone: 213.689.7400
Facsimile: 213.689-7401
Email: jkahane@duanemorris.com

and

**SEDGWICK LLP**

Catalina J. Sugayan, Esq.
Marcos G. Cancio, Esq.
SEDGWICK LLP
One North Wacker Drive, Suite 4200
Chicago, IL 60606

13

# CERTIFICATE OF SERVICE

I, Armida Flores, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and am not a party to this action. My business address is 865 South Figueroa Street, Suite 3100, Los Angeles, CA 90017-5450.

I certify that on February 19, 2013, I served a full and correct copy of the foregoing **REPLY OF LONDON MARKET INSURERS IN SUPPORT OF THEIR MOTION TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. § 157(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011(a)** on all interested parties receiving notice in this case via the Court's CM/ECF electronic notice system as follows:

Christopher J. Ahrens on behalf of Creditor Milwaukee Laborer's Local 113
cja@previant.com, kk@previant.com

Jeffrey Anderson on behalf of Creditor Attorney Jeffrey Anderson
jeff@andersonadvocates.com, therese@andersonadvocates.com;erin@andersonadvocates.com

Bruce G. Arnold on behalf of Debtor In Possession Archdiocese of Milwaukee
barnold@whdlaw.com, jdowd@whdlaw.com

Gillian N. Brown on behalf of Counter-Claimant Official Committee of Unsecured Creditors
gbrown@pszjlaw.com, pdoyle@pszjlaw.com

Kenneth H. Brown on behalf of Counter-Claimant Official Committee of Unsecured Creditors
kbrown@pszjlaw.com

Marcos G. Cancio on behalf of Defendant Ageas Insurnace Limited
marcos.cancio@sedgwicklaw.com

David C. Christian on behalf of Creditor Continental Casualty Company
dchristian@seyfarth.com

Randall D. Crocker on behalf of Creditor De Sales Preparatory Seminary, Inc.
rcrocker@vonbriesen.com, lwilkes@vonbriesen.com

Frank W. DiCastri on behalf of Creditor Milwaukee Bucks, Inc.
fdicastri@foley.com

Daryl L. Diesing on behalf of Debtor In Possession Archdiocese of Milwaukee
ddiesing@whdlaw.com, pbartoli@whdlaw.com

William E. Duffin on behalf of Counter-Defendant Archdiocese of Milwaukee Catholic
Cemetery Perpetual Care Trust, on behalf of itself and its beneficiaries
weduffin@gklaw.com

Robert L. Elliott on behalf of Interested Party Robert Elliott
cindy@attorneyelliott.com

Daniel Fasy on behalf of Creditor Various Creditors
dan@kosnoff.com, lynn@kosnoff.com

Michael Finnegan on behalf of Creditor Various Creditors
mike@andersonadvocates.com, therese@andersonadvocates.com

Michael E Gosman on behalf of Debtor In Possession Archdiocese of Milwaukee
mgosman@whdlaw.com, cgibbs@whdlaw.com;flococo@whdlaw.com;ljohnson@whdlaw.com

Shawn M. Govern on behalf of Witness Daniel Budzynski
smg@dewittross.com, cyb@dewittross.com

Wendy G. Gunderson on behalf of Interested Party Wendy Gunderson
wgunders@sgr-law.com

Leander L. James on behalf of Creditor Various Creditors
ljames@jvwlaw.net

Lindsey M. Johnson on behalf of Debtor In Possession Archdiocese of Milwaukee
ljohnson@whdlaw.com, lbukowski@whdlaw.com;cgibbs@whdlaw.com

Jeff D Kahane on behalf of Defendant Ageas Insurnace Limited
jkahane@duanemorris.com

Douglas S. Knott on behalf of Creditor Attorney Douglas Knott
douglas.knott@wilsonelser.com,
krista.buchholz@wilsonelser.com;jennifer.masters@wilsonelser.com

Justinain B S Koenings on behalf of Spec. Counsel O'Neil, Cannon, Hollman, Dejong & Laing,
S.C.
jb.koenings@wilaw.com

Timothy D. Kosnoff on behalf of Creditor Various Creditors
tim@kosnoff.com, martha@kosnoff.com

Francis H. LoCoco on behalf of Debtor In Possession Archdiocese of Milwaukee
flococo@whdlaw.com

2

DM3\2325029.1

Case 12-02835-svk    Doc 40    Filed 02/19/13    Page 15 of 20

Dawn M. Maguire-Bayne on behalf of Creditor David Birdsell
dbayne@asbazlaw.com, mbaca@asbazlaw.com

Mark L. Metz on behalf of Debtor In Possession Archdiocese of Milwaukee
mlm@levmetz.com

Anne C. Murphy on behalf of Interested Party State of Wisconsin-Department of Public Instruction
murphyac@doj.state.wi.us, gurholtks@doj.state.wi.us

James T. Murray, Jr. on behalf of Witness Rembert Weakland
jmurray@pjmlaw.com, mfroiland@pjmlaw.com

Mark S. Nelson on behalf of Defendant Stonewall Insurance Company
mnelson@ncctslaw.com

Timothy F. Nixon on behalf of Counter-Defendant Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust, on behalf of itself and its beneficiaries
tnixon@gklaw.com, zraiche@gklaw.com;eseelig@gklaw.com

Office of the U. S. Trustee
ustpregion11.mi.ecf@usdoj.gov

Jason R. Pilmaier on behalf of Counter-Claimant Official Committee of Unsecured Creditors
jpilmaier@hswmke.com

Paul A. Richler on behalf of Creditor Committee Official Committee of Unsecured Creditors
prichler@richlerlaw.com

Linda S. Schmidt on behalf of Counter-Defendant Archbishop Jerome Listecki, Archbishop of Milwaukee, in his capacity as sole Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust
lschmidt@gklaw.com, nnelson@gklaw.com;jschwartz@gklaw.com

Debra L. Schneider on behalf of U.S. Trustee Office of the U. S. Trustee
debra.schneider@usdoj.gov

Christopher J. Schreiber on behalf of Creditor Mork Mausoleum Construction, Inc.
cschreib@vonbriesen.com

James P. Scoptur on behalf of Creditor Attorney Jeffrey Anderson
james@aikenandscoptur.com

James S. Smith on behalf of Interested Party James Smith
jsmith@sgr-law.com

3

Albert Solochek on behalf of Counter-Claimant Official Committee of Unsecured Creditors
alsolochek@hswmke.com, skoceja@hswmke.com

James I. Stang on behalf of Counter-Claimant Official Committee of Unsecured Creditors
jstang@pszjlaw.com, dhinojosa@pszjlaw.com

Daniel W. Stevens on behalf of Creditor Roy Ebert
danstevens@wi.rr.com, k-clark@wi.rr.com

Catalina J. Sugayan on behalf of Defendant Ageas Insurnace Limited
catalina.sugayan@sedgwicklaw.com

Philip J. Tallmadge on behalf of Defendant Stonewall Insurance Company
ptallmadge@ncctslaw.com

Craig K. Vernon on behalf of Creditor Various Creditors
cvernon@jvwlaw.net

Matthew M. Wuest on behalf of Counter-Defendant Archbishop Jerome Listecki, Archbishop of Milwaukee, in his capacity as sole Trustee of the Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust
mwuest@gklaw.com, bsweeney@gklaw.com

VIA U.S. MAIL:

American Express Travel Related Services Co Inc
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Baker Tilly Virchow Krause, LLP
115 S. 84th Street, Suite 400
Milwaukee, WI 53214

Berkeley Research Group, LLC
181 W. Madison St., Suite 2950
Chicago, IL 60602

Patrick Cavanaugh Brennan
Brennan Law Offices, L.L.C.
River Front Plaza
1110 North Old World Third Street, Suite 200
Milwaukee, WI 53203

4

DM3\2325029.1

Case 12-02835-svk    Doc 40    Filed 02/19/13    Page 17 of 20

Business Management International
529 W. 42 St.
Fouth Floor, Suite L
New York, NY

Thomas C Crumplar
Jacobs & Crumplar, P.A.
2 East 7th Street
PO Box 1271
Wilmington, DE 19899

De Lage Landen Financial Services, Inc.
1111 Old Eagle School Road
Wyane, PA 19087

EthicsPoint, Inc
6000 Meadows Road
Suite 200
Lake Osweo, OR 97035

Marci A. Hamilton
55 Fifth Avenue
New York, NY 10003

Howard, Solochek & Weber S.C.
324 E. Wisconsin Ave., Suite 1100
Milwaukee, WI 53202

IKON Financial Services
Bankruptcy Administration
P.O. Box 13708
Macon, GA 31208-3708

Marvin T. Knighton
29433 N. 22nd Ave. #C
Phoenix, AZ 85085-2744

Charles Linneman
c/o Jeff Anderson
366 Jakson Steet
St. Paul, MN 55101

David P. Muth
Quarles & Brady LLP
411 East Wisconsin Ave, Suite 2040
Milwaukee, WI 53202

5

Pachulski Stang Ziehl & Jones LLP
Unsecured Creditors
150 California Street, 15th Floor
San Francisco,, CA 94111

Quarles & Brady LLP
411 E. Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202

Paul A. Richler
15332 Antoch Street, Suite 305
Pacific Palisades, CA 90272

Ricoh Business Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

Russell W. Roten
Duane Morris LLP
865 S. Figueroa Street
Suite 3100
Los Angeles, CA 90017-5450

John A. Rothstein
Quarles & Brady LLP
411 East Wisconsin Avenue
Suite 2040
Milwaukee, WI 53202-4497

Arnold G. Schill
5335 Bent Treet Forest Dr. #185
Dallas, TX 75248-7036

Richard J Sklba
836 North Broadway
Milwaukee, WI 53202

United Healthcare Insurance Company
185 Asylum Street, 03B
Hartford, CT 06115-0450

J.B. Van Hollen Instruction
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857

Wisconsin Stress Control Center, Ltd.
9401 W. Beloit Road, Suite 314
Milwaukee, WI 53227

Xerox Corporation
Risk Recovery - Bankruptcy
Post Office Box 660506
Dallas, TX 75266-9937

TW Telecom Inc.
c/o Linda Boyle
10475 Park Meadows Drive, #400
Littleton, CO 80124

    I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

    Executed on February 19, 2013 at Los Angeles, California.

                                                    /s/ Armida Flores
                                                      Armida Flores