# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 11 |
| **Archdiocese of Milwaukee,** | **Case No. 11-20059-SVK** |
| Debtor. | **Hon. Susan V. Kelley** |

---

**Archdiocese of Milwaukee**

Plaintiff,

and                                                    Adv. Pro No. 12-02835-SVK

**Donald Marshall**
**Dean Weissmuller**

Additional Plaintiffs,

vs.

**STONEWALL INSURANCE**
**COMPANY; CERTAIN UNDERWRITERS**
**AT LLOYD'S, LONDON, et al.,**

Defendants and Counter-Plaintiffs.

---

## REPLY OF LONDON MARKET INSURERS IN SUPPORT OF THEIR MOTION TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. § 157(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011(a)

Certain Underwriters at Lloyd's, London, Ageas Insurance Limited (f/k/a Bishopsgate

Insurance Company Ltd.), Allianz Suisse Versicherungs-Gesellschaft AG (f/k/a Helvetia

Accident Insurance Company and Helvetia Accident Gibbon N.M. Group/Helvetia Accident

Russell W. Roten
Jeff D. Kahane
DUANE MORRIS LLP
865 South Figueroa Street, Suite 3100
Los Angeles, California 90017-5450
Telephone: (213) 689-7400
Facsimile: (213) 689-7401
Email: rwroten@duanemorris.com
jkahane@duanemorris.com
DM3\2442825.1

Swiss Ins. Co.), Assicurazioni Generali S.p.A (f/k/a General Insurance Company of Trieste and Venice), Delta Lloyd Schadeverzekering NV (f/k/a Delta Lloyd Non Life Ltd.), Dominion Insurance Company Ltd., Excess Insurance Company Limited, Harper Insurance Limited (f/k/a Turegum Insurance Company Ltd.), Helvetia Swiss Insurance Company (f/k/a Alba General Insurance Company Limited), London & Edinburgh Insurance Company Limited (f/k/a London & Edinburgh General Ins. Co. Ltd., London & Edinburgh General Ins. Co., and London & Edinburgh General Ltd.), National Casualty Co., National Casualty Co. of America, National Casualty Co of America Ltd., NRG Victory Reinsurance Limited (f/k/a New London Reinsurance Ltd.), Ocean Marine Insurance Company Limited (as successor-in-interest to Edinburgh Assurance Company Limited No. 2 A/C), Ocean Marine Insurance Company Limited (as successor-in-interest to World Auxiliary Insurance Corporation Limited), River Thames Insurance Company Limited, Select Markets Insurance Company (f/k/a Argonaut Northwest Insurance Company), Stronghold Insurance Company Limited, and Winterthur Swiss Insurance Company (f/k/a Accident & Casualty Insurance Company, Accident & Casualty Company, Accident & Casualty No. 2 Account, Accident & Casualty No. 3 Account, Accident & Casualty Ins. Co. of Winterthur, Accident & Casualty Ins. Co. of Winterthur No. 2 Account, and Accident & Casualty Ins. Co. of Winterthur No. 3 Account), who subscribed severally and not jointly as their interests appear to one or more of Umbrella Liability Policy Nos. MO-8537/3789, MO-8539/3791, MO-8538/3790, MO-4857/9798, MO-4862/9799, MO-4863/9800, MO-10420/5355, MO-10421/5356, MO-10422/5413 (collectively, "London Market Insurers"), by and through their attorneys, Duane Morris LLP and Sedgwick LLP, hereby reply to the Omnibus Opposition of Additional Plaintiffs to Motions to Withdraw the Reference of this Adversary Proceeding

2

Pursuant to 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a) ("Opposition") and respectfully state as follows:

## INTRODUCTION

1.     The only question for the Court to consider is when, not whether, the reference of this case must be withdrawn. The answer to that question is that the reference to this case should be withdrawn now.

2.     In their Memorandum of Law in Support of London Market Insurers' Motion to Withdraw the Reference of this Adversary Proceeding Pursuant to 28 U.S.C. § 157(D) and Federal Rule of Bankruptcy Procedure 5011(a), filed on January 15, 2013, Docket Number ("Dkt. No.") 22 ("Memorandum"), LMI argued that (a) the Motion was timely filed; (b) the claims at issue in this case are within the Bankruptcy Court's non-core, related-to jurisdiction; (c) that Movants are entitled to a jury trial on factual issues in this case, and (d) that Movant's right to a jury trial is sufficient cause to withdraw the reference. Memorandum at 6-11. In their Opposition, the Plaintiffs do not contest, and thereby concede, each of these points.

3.     Notably, the Archdiocese does not oppose LMI's Motion to Withdraw the Reference. The only argument that the Additional Plaintiffs Weissmuller and Marshall ("Plaintiffs") raise in the Opposition is that the Court should not withdraw the reference until it is time for trial. However, the Court should withdraw the reference now because to do otherwise would be a waste of judicial resources. The Bankruptcy Court has no particular familiarity with the facts and legal theories that will be at issue in this insurance coverage case. The only way to acquire such familiarity is to conduct the case. This Court needs that familiarity because this Court must conduct the trial.

4.     Moreover, in this Circuit, it is well-recognized that when the claims at issue are within a Bankruptcy Court's non-core, related-to jurisdiction, such fact is alone sufficient cause

DM3\2442825.1

to withdraw the reference. This is because the other factors that district courts examine, *i.e.*, efficiency, uniformity and judicial economy, are largely subsumed within the core proceeding inquiry. This is especially true when a party, such as LMI, are standing on their jury trial rights. Here, there is no dispute that the claims in this case are non-core. There is also no dispute that LMI have jury trial rights.

5.     Finally, it is likely that the bankruptcy case ultimately will be resolved through the formulation of a plan of reorganization by the Archdiocese. It is customary in bankruptcy cases, which have insurance issues to include insurance neutrality language in court orders and plans of reorganization that might affect insurance. Insurance neutrality language preserves the insurance coverage issues raised in the bankruptcy case to the insurance coverage case. Such language protects insurers' rights and streamlines the litigation of the bankruptcy case, which ensures an earlier resolution of the bankruptcy case than might otherwise occur. It is possible that insurance neutrality language will be included in a plan in the Archdiocese's bankruptcy case. Such language has been adopted in other diocesan bankruptcy cases, including, *e.g*, the Archdiocese of Portland bankruptcy case and the recent Diocese of Wilmington bankruptcy case. As set forth in the Argument, Section II, *supra*, LMI will seek insurance neutrality language similar to that included in the Diocese of Wilmington's plan of reorganization. If such language is included in the Archdiocese's plan of reorganization, there would be even less reason for the Court to leave this case in the Bankruptcy Court because the confirmation of a plan should have no effect whatsoever on the coverage action or insurers' rights.

DM3\2442825.1

# ARGUMENT

## I. Courts in the Seventh Circuit Routinely Withdraw the Reference to Matters Because they Are Non-Core and the Withdrawal Serves Judicial Economy

### A. The Bankruptcy Court Has No Familiarity with the Facts and Legal Theories at Issue in this Case

6. The Bankruptcy Court's familiarity with the facts and the legal theories that have been argued in the bankruptcy case is irrelevant to this case. The facts relevant to a coverage case are different than the facts relevant to the bankruptcy case; the legal theories are also different, which is the reason that District Courts in this Circuit commonly withdraw the reference to coverage cases. *Allied Prods. Corp. v. Hartford Accident & Indemnity Co. (In re Allied Prods. Corp.)*, 2003 U.S. Dist. LEXIS 2596 (N.D. Ill. Feb. 20, 2003)[1]; *Comdisco, Inc. v. St. Paul Fire & Marine Ins. Co. (In re Comdisco, Inc.)*, 2004 U.S. Dist. LEXIS 20943 (N.D. Ill. Oct. 7, 2004) ("the bankruptcy court is in no better position to resolve the insurance dispute than a district court because its familiarity with the bankruptcy case has no bearing on the insurance issues."). Thus, the Bankruptcy Court's familiarity with the bankruptcy proceedings in the Archdiocese's bankruptcy case will not help it address the state law insurance coverage issues raised in this action.

7. The Wisconsin state insurance law issues in this case include, *inter alia*:

(i) There is no coverage under LMI's insurance policies if the Archdiocese has not incurred any legal liability for tort claims because:

    (A) the tort claims against the Archdiocese are barred by statutes of limitations, or

---

[1] A copy of the unpublished cases cited herein are attached hereto as **Exhibit "A"**.

DM3\2442825.1

(B)     there has not been a sufficient showing that any such claims are timely or viable.

(ii)    There is no potential for coverage under LMI's insurance policies for any loss related to the tort claims against the Archdiocese, even if the Archdiocese is found liable for such claims, based on policy terms, conditions, and exclusions.

(iii)   There is no potential for coverage under LMI's insurance policies for loss related to tort claims against the Archdiocese, should the Archdiocese be found liable for such claims, because any such loss would not constitute a fortuitous loss and coverage for such claims or loss would be prohibited under Wisconsin public policy.

Bankruptcy Courts typically have little experience dealing with such issues of state insurance law. Thus, leaving the referral of this case with the Bankruptcy Court would serve little purpose.

8.      The District Court for the Southern District of Indiana pointed out in another coverage action that by withdrawing the reference to the entire case at the beginning of the coverage action, it would obtain a familiarity with the issues without wasting judicial resources:

> … there is no indication that withdrawal of reference will increase delay and costs to the parties either. Certain efficiencies would be lost were the bankruptcy court to proceed with pretrial matters; the district court would not gain a valuable familiarity with the case that could assist it leading up to and through trial. Though the bankruptcy court could issue proposed findings of fact and conclusions of law, 28 U.S.C. § 157(c)(1), in the court's view, considerations of judicial economy favor withdrawal of the reference. *See Orion Pictures Corp.*, 4 F.3d at 1101 ("the fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court"); *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997) (where bankruptcy court's decision is subject to *de novo* review, it is a more efficient use of judicial resources to decide the case in the district court); *In re Almac's, Inc.*, 202 B.R. 648, 659 (D.R.I. 1996) (withdrawing reference to avoid the waste of judicial resources that would result from a *de novo* review of bankruptcy court's findings).

6

*Wellman Thermal Sys. Corp. v. Columbia Cas. Co.*, 2005 U.S. Dist. LEXIS 45725, 11-12 (S.D. Ind. Oct. 5, 2005).

9.      Here, the Court also should withdraw the reference to the entire case at the beginning of the case because it will attain a familiarity with the case that will assist the Court at trial.  The Bankruptcy Court cannot try this case because LMI are entitled to a jury trial on factual issues.  Should the Court withdraw the reference at a later date, the duplication of effort required for both the Bankruptcy Court and District Court to familiarize themselves with the relevant facts and legal theories would waste judicial resources.

**B.      The Fact that the Claims in this Case Are Non-Core Is the Most Important Factor for the Court to Consider in Deciding Whether to Grant the Motion**

10.      Section 157(d) of Title 28 permits a District Court to withdraw the reference for cause shown.  It states "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).  It is black letter law in this Circuit that District Courts have "'broad discretion to determine whether to withdraw a reference based on cause' . . . ."  *S.V. v. Kratz*, 2012 U.S. Dist. LEXIS 104110 (E.D. Wis. July 25, 2012) (quoting *Grochocinski v. LaSalle Bank Nat'l Ass'n (In re K & R Express Sys., Inc.)*, 382 B.R. 443, 446 (N.D. Ill. 2007)).

11.      The statute itself does not define what constitutes cause, but courts have considered a number of factors including whether the proceeding is core or non-core, considerations of judicial economy and convenience, promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial.  *See, e.g., In re Beale*, 410 B.R. 613, 617 (N.D. Ill. 2009).  The most important factor is whether a proceeding is core or

DM3\2442825.1

non-core. *K&R Express*, 382 B.R. at 446; *Coe-Truman Techs. v. United States Gov't (In re Coe-Truman Techs.)*, 214 B.R. 183, 187 (N.D. Ill. 1997).

12.     "[A] proceeding is core . . . if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Illinois v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990), *cert. denied*, 498 U.S. 1089, 112 L. Ed. 2d 1054, 111 S. Ct. 968 (1991).   The claims in this case involve the interpretation of insurance contracts under Wisconsin state law.  The claims do not invoke a substantive right provided by Chapter 11 and could arise outside of a bankruptcy case. Plaintiffs do not contest and thereby concede that the claims in this action are non-core.  The Archdiocese concedes that the claims in this case are non-core.   Archdiocese Statement re Motion to Withdraw the Reference, ¶ 6, filed February 5, 2013, Docket Number 38.

## C.     Because the Claims Are Non-Core and LMI Have a Right to a Jury Trial, Judicial Economy Weighs Heavily in Favor of Withdrawing the Reference

13.     The simple fact that the claims at issue in this case are non-core is sufficient cause for the Court to withdraw the reference.  "In the context of withdrawal, whether a proceeding is core or non-core may be seen as shorthand for the analysis of efficiency, uniformity, and judicial economy concerns." *Levin v. FDIC*, 2012 U.S. Dist. LEXIS 6682 (S.D. Ind. Jan. 19, 2012) (citing *K&R Express*, 382 B.R. at 446 ("efficiency, uniformity and judicial economy concerns are largely subsumed within [the core proceeding inquiry]")).  Thus, a determination that the claims at issue in an action are non-core is sufficient cause to withdraw the reference.   *Coe-Truman Techs*, 214 B.R. at 187.

> This [non-core] finding weighs heavily in favor of withdrawing the reference.  As a non-core proceeding, the bankruptcy court's decision will be subject to *de novo* review in this Court.  28 U.S.C. § 157(c)(1).  We find, therefore, that it is a more efficient use of judicial resources for this Court to decide this case in the first instance. *See In re FMG, Inc.*, 1991 U.S. Dist. LEXIS 15437, No. 91 C 6018,

DM3\2442825.1

> 1991 WL 230390 (N.D. Ill. Oct. 28, 1991) (non-core nature of proceeding sufficient to support discretionary withdrawal).

*Id.* Because the claims in this case are non-core, the Court has sufficient cause to withdraw the reference.

14. Considerations of judicial economy are even more significant when a party to the proceeding has a jury right and does not consent to trial in the Bankruptcy Court. *K&R Express,* 382 B.R. at 448. "As a general matter, 'when a party to a non-core proceeding stands on its right to trial by jury . . . and the parties do not consent to adjudication by the bankruptcy court, it is better for the court to withdraw the referral.'" *Travelers Ins. Co. v. Goldberg,* 135 B.R. 788, 792 (D. Md. 1992) (quoting *In re Novak,* 116 B.R. 626, 627 (N.D. Ill. 1990) (finding that because the District Court would likely be required to make *de novo* factual determinations and hold a jury trial, "a referral appears to be a futile detour, requiring substantial duplication of judicial effort...."). "In short, the effect of plaintiffs' jury demand, combined with the non-core nature of this action work to make referral to the Bankruptcy Court a limited and inefficient tool." *Id.* at 793.

15. As LMI argued in their Memorandum, and Plaintiffs do not contest, LMI are entitled to a jury trial on factual issues in this matter. The fact that LMI are entitled to a jury trial in this matter is, alone, sufficient cause for the Court to withdraw the reference. *See* Memorandum at 8-11. When LMI's right to a jury trial is coupled with the fact that the claims at issue in this case fall within the non-core, related-to jurisdiction of the Bankruptcy Court, the Court should have little doubt that it should withdraw the reference now because withdrawal serves the principle of judicial economy.

16. Thus, the Court should withdraw the reference because (i) the parties are entitled to a jury trial; (ii) the Court will have to issue a final judgment after a *de novo* review of the facts

and legal issues, which would waste judicial resources; and (iii) withdrawing the reference at this time will allow the Court to obtain the familiarity with this case that will be necessary for the trial.

**II.** **Because it Is Customary for Diocesan Plans to Include Insurance Neutrality Language, There Is No Reason to Leave this Case in the Bankruptcy Court**

17.     In its bankruptcy case, the Archdiocese has adopted a strategy of objecting to large numbers of claims on various grounds because the Archdiocese has no legal liability for such claims.     LMI support the Archdiocese's attempts to disallow claims for which the Archdiocese has no legal liability by filing claims objections because, through this process, the Archdiocese can reduce the number of unmeritorious claims that must be addressed in the bankruptcy case.

18.     Claims that cannot be addressed by such procedures must either be tried, or addressed through a plan.  Although the causes of action are not clearly set forth in the Proofs of Claim filed in the Bankruptcy Court, the Supreme Court of Wisconsin has ruled that negligence claims are barred by the statute of limitations, and the Bankruptcy Court has ruled that negligent misrepresentation claims are similarly barred.     Thus, the claims that are pending in the bankruptcy case all appear to be fraud claims of one sort or another.

19.     The Bankruptcy Court has stated that it has not yet determined whether the pending fraud claims are personal injury claims.     The Bankruptcy Court must ultimately determine whether such claims are personal injury claims.  If the Bankruptcy Court determines that the fraud claims against the Archdiocese are not personal injury claims, then damages relating to personal injury claims would obviously not be available.  If the Bankruptcy Court determines that the fraud claims against the Archdiocese are personal injury claims, then only this Court can try such claims. 28 U.S.C. § 157(b)(5).

10

20.     Any claims not resolved by the Bankruptcy Court or this Court likely would be addressed in a plan.  To simplify the litigation of insurance issues in bankruptcy cases, it is customary for bankruptcy courts to include insurance neutrality language in orders approving motions, and in confirmation orders, so that insurers' rights are not affected by such orders.  *See, e.g., In re Combustion Eng'g, Inc.*, 391 F.3d 190, 209 (3d Cir. 2004); *In re UAL Corp.*, Case No. 02-48191 (ERW) (Bankr. N.D. Ill.), *slip op.* (Jan. 15, 2003) at 3-4; *In re Solutia Inc.*, Case No. 03-17949 (PCB) (Bankr. S.D.N.Y.), *slip op.* (July 28, 2005) at 2, 5; *In re A.P.I., Inc.*, 331 B.R. 828 (Bankr. D. Minn. 2005).  It is also customary for debtors to include such language in their plans of reorganization so that insurers' rights will not be affected by the plan and the insurers will not object to confirmation of the plan.  *See, e.g., Fourth Amended and Restated Joint Prepackaged Plan of Reorganization for Mid-Valley, Inc., DII Industries, LLC, Kellogg Brown & Root, Inc., KBR Technical Services, Inc., Kellogg Brown & Root Engineering Corporation, Kellogg Brown & Root International, Inc. (a Delaware Corporation); Kellogg Brown & Root, Inc. (a Panamanian Corporation), and BPM Minerals, LLC under Chapter 11 of the United States Bankruptcy Code*, § 11.4 at 25, filed May 17, 2004, in *In re Mid-Valley, Inc.*, Case No. 03-35592, in the Bankruptcy Court for the Western District of Pennsylvania, Dkt. No. 1513; *Fourth Amended and Restated Plan of Reorganization under Chapter 11 of the Bankruptcy Code (as Modified as of March 28, 2008)*, § 10.4 at 38, filed March 28, 2008, in *In re Quigley Company, Inc.*, Case No. 04-15739 in the Bankruptcy Court for the Southern District of New York, at Dkt. No. 1380.

21.     Plans of reorganization for diocesan entities also usually include such language. For example, in the Archdiocese of Portland case and the recent Diocese of Wilmington bankruptcy case, both plans had insurance neutrality language.  *Joint Plan of Reorganization of*

*Debtor, Tort Claimants Committee, Future Claimants Representative, and Parish and Parishioners Committee*, filed December 18, 2006, Dkt. No. 4231, § 6.6, at 40-41, in *In re Roman Catholic Archbishop of Portland in Oregon, and Successors, a Corporation Sole, dba Archdiocese of Portland in Oregon*, Case No. 04-37154, in the Bankruptcy Court for the District of Oregon; *Second Amended Plan of Reorganization of Catholic Diocese of Wilmington, Inc.*, filed May 23, 2011, Dkt. No. 1321, § 11.2(b) at 30, in *In re Catholic Diocese of Wilmington, Inc.*, Case No. 09-13560, in the Bankruptcy Court for the District of Delaware. Those plans were confirmed by the Bankruptcy Courts in those cases, without objection by insurers. Any plan of reorganization that is confirmed in the Archdiocese's bankruptcy case should also have insurance neutrality language. LMI will seek the inclusion of such language in a plan in the Archdiocese's bankruptcy case similar to that adopted in the Diocese of Wilmington case. That language is as follows:

> Nothing in the Plan, any exhibit to the Plan, any confirmation order, or any other order of the Bankruptcy Court to the contrary (including any other provision that purports to be preemptory or supervening or grants a release): (a) shall affect, impair or prejudice the rights and defenses of any insurer, the Debtor, the plan trust, or any other insureds under any insurance policy in any manner; (b) shall in any way operate to, or have the effect of, impairing or having any *res judicata*, collateral estoppel, or other preclusive effect on any party's legal, equitable, or contractual rights or obligations under any insurance policy in any respect; (c) shall determine the reasonableness of the Plan or any settlement embodied by the Plan, in any way whatsoever; (d) shall be subject to, controlled or affected by, *UNR Ind. V. Continental Cas. Co.*, 942 F.2d 1101 (7th Cir. 1991); or (e) shall otherwise determine the applicability or nonapplicability of any provision of any insurance policy and any such rights and obligations shall be determined under the insurance policy and applicable law. Additionally, any action against any insurer related to any insurance policy shall be brought in a court of competent jurisdiction other than the Bankruptcy Court; *provided, however*, that nothing herein waives any right of the Debtor, the plan trust, or any insurer to require arbitration to the extent the relevant insurance policy provides for such.

22.    Should such language be included in a plan by the Archdiocese, the Archdiocese's plan would not affect LMI or the coverage litigation, meaning that there is even

DM3\2442825.1

less connection between the bankruptcy case and this case. Thus, there should be little reason to leave the reference of this case with the Bankruptcy Court.

## CONCLUSION

WHEREFORE, London Market Insurers respectfully request that the District Court withdraw the reference from the Bankruptcy Court of the above-captioned adversary proceeding.

Dated: February 19, 2013

Respectfully submitted,

London Market Insurers
by their counsel,

**DUANE MORRIS LLP**


By: /s/ Jeff D. Kahane_____
    Russell W. Roten (CA Bar No. 170571)
    Jeff D. Kahane (CA Bar No. 223329)
    Duane Morris LLP
    865 S. Figueroa Street, Suite 3100
    Los Angeles, CA 90017-5450
    Telephone: 213.689.7400
    Facsimile: 213.689.7401
    Email: jkahane@duanemorris.com

and

**SEDGWICK LLP**

Catalina J. Sugayan, Esq.
Marcos G. Cancio, Esq.
SEDGWICK LLP
One North Wacker Drive, Suite 4200
Chicago, IL 60606

# CERTIFICATE OF SERVICE

I, Armida Flores, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and am not a party to this action. My business address is 865 South Figueroa Street, Suite 3100, Los Angeles, CA 90017-5450.

I certify that on February 19, 2013, I served a full and correct copy of the foregoing **REPLY OF LONDON MARKET INSURERS IN SUPPORT OF THEIR MOTION TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. § 157(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011(a)** on all interested parties receiving notice in this case via the Court's CM/ECF electronic notice system as follows:

Christopher J. Ahrens on behalf of Creditor Milwaukee Laborer's Local 113
cja@previant.com, kk@previant.com

Jeffrey Anderson on behalf of Creditor Attorney Jeffrey Anderson
jeff@andersonadvocates.com, therese@andersonadvocates.com;erin@andersonadvocates.com

Bruce G. Arnold on behalf of Debtor In Possession Archdiocese of Milwaukee
barnold@whdlaw.com, jdowd@whdlaw.com

Gillian N. Brown on behalf of Counter-Claimant Official Committee of Unsecured Creditors
gbrown@pszjlaw.com, pdoyle@pszjlaw.com

Kenneth H. Brown on behalf of Counter-Claimant Official Committee of Unsecured Creditors
kbrown@pszjlaw.com

Marcos G. Cancio on behalf of Defendant Ageas Insurnace Limited
marcos.cancio@sedgwicklaw.com

David C. Christian on behalf of Creditor Continental Casualty Company
dchristian@seyfarth.com

Randall D. Crocker on behalf of Creditor De Sales Preparatory Seminary, Inc.
rcrocker@vonbriesen.com, lwilkes@vonbriesen.com

Frank W. DiCastri on behalf of Creditor Milwaukee Bucks, Inc.
fdicastri@foley.com

Daryl L. Diesing on behalf of Debtor In Possession Archdiocese of Milwaukee
ddiesing@whdlaw.com, pbartoli@whdlaw.com

William E. Duffin on behalf of Counter-Defendant Archdiocese of Milwaukee Catholic Cemetery Perpetual Care Trust, on behalf of itself and its beneficiaries
weduffin@gklaw.com

Robert L. Elliott on behalf of Interested Party Robert Elliott
cindy@attorneyelliott.com

Daniel Fasy on behalf of Creditor Various Creditors
dan@kosnoff.com, lynn@kosnoff.com

Michael Finnegan on behalf of Creditor Various Creditors
mike@andersonadvocates.com, therese@andersonadvocates.com

Michael E Gosman on behalf of Debtor In Possession Archdiocese of Milwaukee
mgosman@whdlaw.com, cgibbs@whdlaw.com;flococo@whdlaw.com;ljohnson@whdlaw.com

Shawn M. Govern on behalf of Witness Daniel Budzynski
smg@dewittross.com, cyb@dewittross.com

Wendy G. Gunderson on behalf of Interested Party Wendy Gunderson
wgunders@sgr-law.com

Leander L. James on behalf of Creditor Various Creditors
ljames@jvwlaw.net

Lindsey M. Johnson on behalf of Debtor In Possession Archdiocese of Milwaukee
ljohnson@whdlaw.com, lbukowski@whdlaw.com;cgibbs@whdlaw.com

Jeff D Kahane on behalf of Defendant Ageas Insurnace Limited
jkahane@duanemorris.com

Douglas S. Knott on behalf of Creditor Attorney Douglas Knott
douglas.knott@wilsonelser.com,
krista.buchholz@wilsonelser.com;jennifer.masters@wilsonelser.com

Justinain B S Koenings on behalf of Spec. Counsel O'Neil, Cannon, Hollman, Dejong & Laing, S.C.
jb.koenings@wilaw.com

Timothy D. Kosnoff on behalf of Creditor Various Creditors
tim@kosnoff.com, martha@kosnoff.com

Francis H. LoCoco on behalf of Debtor In Possession Archdiocese of Milwaukee
flococo@whdlaw.com

2

Dawn M. Maguire-Bayne on behalf of Creditor David Birdsell
dbayne@asbazlaw.com, mbaca@asbazlaw.com

Mark L. Metz on behalf of Debtor In Possession Archdiocese of Milwaukee
mlm@levmetz.com

Anne C. Murphy on behalf of Interested Party State of Wisconsin-Department of Public
Instruction
murphyac@doj.state.wi.us, gurholtks@doj.state.wi.us

James T. Murray, Jr. on behalf of Witness Rembert Weakland
jmurray@pjmlaw.com, mfroiland@pjmlaw.com

Mark S. Nelson on behalf of Defendant Stonewall Insurance Company
mnelson@ncctslaw.com

Timothy F. Nixon on behalf of Counter-Defendant Archdiocese of Milwaukee Catholic
Cemetery Perpetual Care Trust, on behalf of itself and its beneficiaries
tnixon@gklaw.com, zraiche@gklaw.com;eseelig@gklaw.com

Office of the U. S. Trustee
ustpregion11.mi.ecf@usdoj.gov

Jason R. Pilmaier on behalf of Counter-Claimant Official Committee of Unsecured Creditors
jpilmaier@hswmke.com

Paul A. Richler on behalf of Creditor Committee Official Committee of Unsecured Creditors
prichler@richlerlaw.com

Linda S. Schmidt on behalf of Counter-Defendant Archbishop Jerome Listecki, Archbishop of
Milwaukee, in his capacity as sole Trustee of the Archdiocese of Milwaukee Catholic Cemetery
Perpetual Care Trust
lschmidt@gklaw.com, nnelson@gklaw.com;jschwartz@gklaw.com

Debra L. Schneider on behalf of U.S. Trustee Office of the U. S. Trustee
debra.schneider@usdoj.gov

Christopher J. Schreiber on behalf of Creditor Mork Mausoleum Construction, Inc.
cschreib@vonbriesen.com

James P. Scoptur on behalf of Creditor Attorney Jeffrey Anderson
james@aikenandscoptur.com

James S. Smith on behalf of Interested Party James Smith
jsmith@sgr-law.com

DM3\2325029.1

Albert Solochek on behalf of Counter-Claimant Official Committee of Unsecured Creditors
alsolochek@hswmke.com, skoceja@hswmke.com

James I. Stang on behalf of Counter-Claimant Official Committee of Unsecured Creditors
jstang@pszjlaw.com, dhinojosa@pszjlaw.com

Daniel W. Stevens on behalf of Creditor Roy Ebert
danstevens@wi.rr.com, k-clark@wi.rr.com

Catalina J. Sugayan on behalf of Defendant Ageas Insurnace Limited
catalina.sugayan@sedgwicklaw.com

Philip J. Tallmadge on behalf of Defendant Stonewall Insurance Company
ptallmadge@ncctslaw.com

Craig K. Vernon on behalf of Creditor Various Creditors
cvernon@jvwlaw.net

Matthew M. Wuest on behalf of Counter-Defendant Archbishop Jerome Listecki, Archbishop of
Milwaukee, in his capacity as sole Trustee of the Archdiocese of Milwaukee Catholic Cemetery
Perpetual Care Trust
mwuest@gklaw.com, bsweeney@gklaw.com

VIA U.S. MAIL:

American Express Travel Related Services Co Inc
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

Baker Tilly Virchow Krause, LLP
115 S. 84th Street, Suite 400
Milwaukee, WI 53214

Berkeley Research Group, LLC
181 W. Madison St., Suite 2950
Chicago, IL 60602

Patrick Cavanaugh Brennan
Brennan Law Offices, L.L.C.
River Front Plaza
1110 North Old World Third Street, Suite 200
Milwaukee, WI 53203

Business Management International
529 W. 42 St.
Fouth Floor, Suite L
New York, NY

Thomas C Crumplar
Jacobs & Crumplar, P.A.
2 East 7th Street
PO Box 1271
Wilmington, DE 19899

De Lage Landen Financial Services, Inc.
1111 Old Eagle School Road
Wyane, PA 19087

EthicsPoint, Inc
6000 Meadows Road
Suite 200
Lake Osweo, OR 97035

Marci A. Hamilton
55 Fifth Avenue
New York, NY 10003

Howard, Solochek & Weber S.C.
324 E. Wisconsin Ave., Suite 1100
Milwaukee, WI 53202

IKON Financial Services
Bankruptcy Administration
P.O. Box 13708
Macon, GA 31208-3708

Marvin T. Knighton
29433 N. 22nd Ave. #C
Phoenix, AZ 85085-2744

Charles Linneman
c/o Jeff Anderson
366 Jakson Steet
St. Paul, MN 55101

David P. Muth
Quarles & Brady LLP
411 East Wisconsin Ave, Suite 2040
Milwaukee, WI 53202

Pachulski Stang Ziehl & Jones LLP
Unsecured Creditors
150 California Street, 15th Floor
San Francisco,, CA 94111

Quarles & Brady LLP
411 E. Wisconsin Avenue, Suite 2040
Milwaukee, WI 53202

Paul A. Richler
15332 Antoch Street, Suite 305
Pacific Palisades, CA 90272

Ricoh Business Solutions
Recovery & Bankruptcy Group
3920 Arkwright Road, Suite 400
Macon, GA 31210

Russell W. Roten
Duane Morris LLP
865 S. Figueroa Street
Suite 3100
Los Angeles, CA 90017-5450

John A. Rothstein
Quarles & Brady LLP
411 East Wisconsin Avenue
Suite 2040
Milwaukee, WI 53202-4497

Arnold G. Schill
5335 Bent Treet Forest Dr. #185
Dallas, TX 75248-7036

Richard J Sklba
836 North Broadway
Milwaukee, WI 53202

United Healthcare Insurance Company
185 Asylum Street, 03B
Hartford, CT 06115-0450

J.B. Van Hollen Instruction
Wisconsin Department of Justice
Post Office Box 7857
Madison, WI 53707-7857

6

Wisconsin Stress Control Center, Ltd.
9401 W. Beloit Road, Suite 314
Milwaukee, WI 53227

Xerox Corporation
Risk Recovery - Bankruptcy
Post Office Box 660506
Dallas, TX 75266-9937

TW Telecom Inc.
c/o Linda Boyle
10475 Park Meadows Drive, #400
Littleton, CO 80124

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed on February 19, 2013 at Los Angeles, California.

_____/s/ Armida Flores_____
Armida Flores

# EXHIBIT A



Positive
As of: Feb 19, 2013

In re: ALLIED PRODUCTS CORPORATION, Debtor, ALLIED PRODUCTS
CORPORATION, Plaintiff, v. HARTFORD ACCIDENT AND INDEMNITY
COMPANY, Defendant.

02 C 8436

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION

2003 U.S. Dist. LEXIS 2596

February 20, 2003, Decided
February 24, 2003, Docketed

**PRIOR HISTORY:** [*1] Motion to Withdraw the
Reference. Bankruptcy Case No. 00 B 28798. Adv. Proc.
No. 02-A-1520.
In re Allied Prods. Corp., 288 B.R. 533, 2003 Bankr.
LEXIS 22 (Bankr. N.D. Ill., 2003)

**DISPOSITION:** Defendant's motion to withdraw
reference granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant insurer filed a
motion to withdraw the reference of plaintiff debtor's
breach of contract claim to the bankruptcy court pursuant
to 28 U.S.C.S. § 157(d), Fed. R. Bankr. P. 5011, and U.S.
Dist. Ct., N.D. Ill., IOP 15.

**OVERVIEW:** The debtor filed a voluntary petition
seeking relief under Chapter 11. It filed an adversary
proceeding against the insurer, alleging that the insurer
breached insurance contracts issued in the name of a
company whose assets had been purchased by the debtor.
The court held that withdraw of the reference was
warranted because the insurance dispute was non-core. It
did not arise under the Bankruptcy Code, it did not have
any ties to the debtor's pre-petition activities, and the

policies at issue were not issued to the debtor in the
course of its business. In addition, none of the debtor's
other adversary proceedings involved insurance coverage
issues. Because the insurance dispute was entirely
severable from the bankruptcy proceedings, withdrawal
of the reference would not hinder judicial economy.
Moreover, the bankruptcy court was in no better position
to resolve the insurance dispute than a district court
because its familiarity with the bankruptcy case had no
bearing on the insurance issues. Finally, transferring the
adversary proceeding to the district court would not
require the debtor's bankruptcy estate to incur additional
costs.

**OUTCOME:** The court granted the insurer's motion to
withdraw the reference.

**CORE TERMS:** adversary proceeding, withdrawal,
withdraw, non-core, farm, bankruptcy case, bankruptcy
estate, cause shown, judicial economy, familiarity,
withdrawn, coverage, environmental

**LexisNexis(R) Headnotes**

Case 12-02835-svk    Doc 41    Filed 02/19/13    Page 22 of 46

*Bankruptcy Law > Practice & Proceedings > Adversary
Proceedings > General Overview*
*Bankruptcy Law > Practice & Proceedings >
Jurisdiction > Federal District Courts*
*Civil Procedure > Pleading & Practice > Motion
Practice > Time Limitations*
[HN1]Under 28 U.S.C.S. § 157(d), the district court may
withdraw, in whole or in part, any case or proceeding
referred under § 157, on its own motion or on timely
motion of any party, for cause shown. The district court
shall, on timely motion of a party, so withdraw a
proceeding if the court determines that resolution of the
proceeding requires consideration of both title 11 and
other laws of the United States regulating organizations
or activities affecting interstate commerce.

*Bankruptcy Law > Practice & Proceedings >
Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings >
Jurisdiction > Noncore Proceedings*
*Civil Procedure > Trials > Jury Trials > Right to Jury
Trial*
[HN2]Withdrawal of a reference is not intended to be an
escape hatch from bankruptcy to district court. Thus, the
reference should only be withdrawn in a limited class of
proceedings, and the movant bears the burden of
establishing that this relief is appropriate. The first
sentence of 28 U.S.C.S. § 157(d) is generally known as
the permissive withdrawal provision, and authorizes the
discretionary withdrawal of the reference "for cause
shown." Factors relevant to cause include: judicial
economy, promotion of uniformity and efficiency in
bankruptcy administration, reduction of forum shopping,
delay and costs to the parties, the court's familiarity with
the case, and whether the adversary proceeding is core or
non-core. The court must also consider whether the
parties are entitled to a jury trial. The most important of
these factors is whether the adversary proceeding sought
to be withdrawn is core or non-core. A proceeding is core
if it invokes a substantive right provided by Chapter 11 or
if it is a proceeding that, by its nature, could arise only in
the context of a bankruptcy case.

*Bankruptcy Law > Practice & Proceedings > Adversary
Proceedings > General Overview*
*Bankruptcy Law > Practice & Proceedings >
Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings >
Jurisdiction > Noncore Proceedings*

[HN3]Breach of contract claims have consistently and
traditionally been found to be non-core.

COUNSEL: For ALLIED PRODUCTS
CORPORATION, plaintiff: Michael Sean Mostow,
Quarles & Brady LLC, Chicago, IL.

For HARTFORD ACCIDENT & INDEMNITY
COMPANY, defendant: Paul Theobald Parker, Wayne S.
Karbal, Karbal, Cohen, Economou & Dunne, Chicago,
IL.

JUDGES: Blanche M. Manning, United States District
Judge.

OPINION BY: Blanche M. Manning

OPINION

MEMORANDUM AND ORDER

    Defendant Hartford Accident and Indemnity
Company seeks to withdraw this court's reference of this
matter to the bankruptcy court pursuant to 28 U.S.C. §
157(d), Rule 5011 of the Federal Rules of Bankruptcy
Procedure, and Northern District of Illinois Internal
Operating Procedure 15. For the following reasons, the
motion is granted.

Background

    In October of 2000, Allied Products Corporation
filed a voluntary petition seeking relief under Chapter 11
of the Bankruptcy Code. Before this, Allied designed,
manufactured, and serviced mechanical and hydraulic
forming presses used to manufacture components for
various industries. At this point in time, [*2] Allied has
sold substantially all of its operating assets. It also
recently filed a proposed Chapter 11 plan of liquidation
with the cooperation of the Official Committee of
Unsecured Creditors.

    Because Allied is a debtor in possession, it must
commence and prosecute claims and causes of action for
the benefit of its bankruptcy estate and creditors. See 11
U.S.C. § 1107. Thus, in October of 2002, Allied filed an
adversary proceeding against Hartford which asserted
that Hartford had breached certain insurance contracts.
The insurance claims stemmed from Allied's dealings
with White Farm Equipment Company, a farm

implement manufacturing plant.

In 1985, Allied purchased some of White Farm's assets, including a facility in Charles City, Iowa. The United States Environmental Protection Agency found that Allied was liable for environmental problems at the Charles City site. Allied seeks coverage under two primary general liability policies which were issued by Hartford and name White Farm as an insured. The bankruptcy court entered a preliminary pretrial order and Hartford has filed a dispositive motion which is currently pending.

## Discussion

[HN1]Under [*3] 28 U.S.C. § 157(d), "the district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

[HN2]Withdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court. *In re Coe-Truman Technologies, Inc.,* 214 B.R. 183, 184 (N.D. Ill. 1997). Thus, the reference should only be withdrawn in a limited class of proceedings, and the movant bears the burden of establishing that this relief is appropriate. *Id.* The first sentence of § 157(d) is generally known as the permissive withdrawal provision, and authorizes the discretionary withdrawal of the reference "for cause shown." Factors relevant to cause include: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs [*4] to the parties, the court's familiarity with the case, and whether the adversary proceeding is core or non-core. *In re Coe-Truman Technologies, Inc.,* 214 B.R. at 187. The court must also consider whether the parties are entitled to a jury trial. *See, e.g., In re Sevko,* 143 B.R. 114, 117 (N.D. Ill. 1992).

The most important of these factors is whether the adversary proceeding sought to be withdrawn is core or non-core. *Id.* "[A] proceeding is core . . . if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id., quoting Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1239 (7th Cir.1990); *In re U.S. Brass Corp.,* 110 F.3d 1261, 1268 (7th Cir.1997) ("core proceedings" are claims "by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy").

Here, Hartford contends that the adversary action against it is non-core. [HN3]"Breach of contract claims have consistently and traditionally been found to be non-core." *In re Coe-Truman Technologies, Inc.,* 214 B.R. at 187 [*5] (collecting cases). The court fails to see how the insurance dispute at the heart of the adversary proceeding arises under or is in any way related to the Bankruptcy Code. Moreover, the insurance dispute does not have any ties to Allied's pre-petition activities, and the policies at issue were not issued to Allied in the course of its business. In addition, the record does not show that any of Allied's other adversary proceedings involve insurance coverage issues. Thus, the most important factor relating to withdrawal of the reference favors Hartford.

Because the insurance dispute is entirely severable from the bankruptcy proceedings, withdrawal of the reference will not hinder judicial economy. Moreover, the bankruptcy court is in no better position to resolve the insurance dispute than a district court because its familiarity with the bankruptcy case has no bearing on the insurance issues. Finally, the court disagrees with Allied that transferring the adversary proceeding to the district court will require the Allied bankruptcy estate to incur additional costs. Thus, the court finds that withdrawal of the reference is warranted. The court, therefore, will not address Hartford's [*6] remaining arguments.

## Conclusion

Hartford's motion to withdraw the reference [1-1] is granted.

DATE: FEB 20, 2003

Blanche M. Manning

United States District Judge

# Document Separation Sheet



Analysis
As of: Feb 19, 2013

**In re: COMDISCO, INC. at al, Debtors, COMDISCO, INC., Plaintiff, v. ST. PAUL
FIRE & MARINE INSURANCE COMPANY, ST. PAUL MERCURY INSURANCE
COMPANY, IMA OF COLORADO, INC., Defendants.**

04 C 5570

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS, EASTERN DIVISION**

**2004 U.S. Dist. LEXIS 20943**

**October 7, 2004, Decided
October 15, 2004, Docketed**

**PRIOR HISTORY:** [*1] Motion to Withdraw the
Reference. Bankruptcy Case No. 01 B 24795. Adv. Proc.
No. 04-A-1832.

**DISPOSITION:** Defendant IMA's motion to withdraw
reference granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant insurer sought
to withdraw the reference to the bankruptcy court
pursuant to 28 U.S.C.S. § 157(d) of plaintiff debtor's
adversary proceeding alleging claims for professional
negligence and negligent and intentional
misrepresentation.

**OVERVIEW:** The debtor alleged that the insurer's
policies required it to indemnify a subsidiary for losses to
office equipment. Another court granted a motion to
withdraw the reference in another insurance adversary
proceeding brought by the debtor on June 18, 2004. The
bankruptcy judge denied the insurer's motion to dismiss
on August 11, 2004, and the insurer filed its motion to
withdraw the reference on August 24, 2004. The court
held that, given the moderate lapse of time between those
other rulings, it was inappropriate to bar the insurer from

seeking to withdraw the reference. The court held that the
proceeding was non-core because claims against insurers
over the ownership of insurance contracts required the
court to interpret the terms of a contract, and the right to
collect upon an asset of the estate was not a substantive
right granted by Title 11. The insurance dispute was
entirely severable from the bankruptcy proceedings.
Consolidating the action with the corporation's other
insurance cases promoted uniformity and efficiency. The
bankruptcy court's familiarity with the bankruptcy
proceedings would not have helped it address the state
law issues.

**OUTCOME:** The court granted the insurer's motion to
withdraw the reference.

**CORE TERMS:** withdraw, withdrawal, non-core,
adversary proceeding, judicial economy, withdrawn,
cause shown, important factor, familiarity, uniformity,
insurers, bankruptcy proceedings

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Practice & Proceedings > Contested*

Page 1

*Matters*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
*Civil Procedure > Pleading & Practice > Motion Practice > Time Limitations*
[HN1]See 28 U.S.C.S. § 157(d).

*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
[HN2]Withdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court. Thus, the reference should only be withdrawn in a limited class of proceedings, and the movant bears the burden of establishing that this relief is appropriate.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jury Trials*
*Civil Procedure > Trials > Jury Trials > Right to Jury Trial*
[HN3]The first sentence of 28 U.S.C.S. § 157(d) is generally known as the permissive withdrawal provision, and authorizes the discretionary withdrawal of the reference "for cause shown." Factors relevant to cause include: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the court's familiarity with the case, and whether the adversary proceeding is core or non-core. The court must also consider whether the parties are entitled to a jury trial.

*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
[HN4]There is no bright line rule that gives a party a certain number of days in which it may seek to withdraw the reference.

*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
[HN5]A motion to withdraw the reference should be filed as soon as possible, or at the first reasonable opportunity after the moving party has notice of the grounds for withdrawal, depending on the facts of each case.

*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
[HN6]The most important factor in determining if the reference should be withdrawn is whether the adversary proceeding sought to be withdrawn is core or non-core.

*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
[HN7]A proceeding is core if it invokes a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case.

*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
[HN8]"Core proceedings" are claims by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy.

*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
[HN9]A district court may determine whether a proceeding is core or non-core.

*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
[HN10]Breach of contract claims have consistently and traditionally been found to be non-core.

COUNSEL: For COMDISCO INC, Plaintiff: Luke P. Sheridan, O'Hagan, Smith & Amundsen, L.L.C., Chicago, IL; Thomas F. Falkenberg, O'Hagen, Smith & Amundsen, LLC, Chicago, IL.

For COMPANY, ST. PAUL MERCURY INSURANCE, ST. PAUL FIRE & MARINE INSURANCE COMPANY, Defendants: James Richard Murray, John A Husmann, Tressler, Soderstrom, Maloney & Priess, Chicago, IL; Lon A. Berk, Shaw Pittman, McLean, VA.

For IMA OF COLORADO, INC, Defendant: Michael Joseph Meyer, Panos T. Topalis, Tribler Orpett and Meyer, P.C., Chicago, IL.

JUDGES: Blanche M. Manning, United States District Judge.

OPINION BY: Blanche M. Manning

OPINION

MEMORANDUM AND ORDER

Defendant IMS of Colorado seeks to withdraw this court's reference of this matter to the bankruptcy court pursuant to 28 U.S.C. § 157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Northern District of Illinois Internal Operating Procedure 15. For the following reasons, the motion is granted.

Background

Plaintiff Comdisco Ventures is a wholly owned subsidiary of Comdisco, Inc. In 2001, Comdisco, Inc. filed a voluntary [*2] Chapter 11 plan. The plan became effective in August of 2002, and Comdisco is presently operating its business and managing its properties as a reorganized debtor under Chapter 11.

In March of 2004, Comdisco Ventures filed an adversary proceeding against IMA. The complaint in the adversary proceeding alleged that IMA's policies required IMA to indemnify Comdisco Ventures for losses to office equipment. Comdisco Ventures seeks recovery under theories of professional negligence and negligent and intentional misrepresentation.

Discussion

Under [HN1]28 U.S.C. § 157(d), "the district court

may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

[HN2]Withdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court. In re Coe-Truman Technologies, Inc., 214 B.R. 183, 184 (N.D. Ill. 1997). [*3] Thus, the reference should only be withdrawn in a limited class of proceedings, and the movant bears the burden of establishing that this relief is appropriate. Id. [HN3]The first sentence of § 157(d) is generally known as the permissive withdrawal provision, and authorizes the discretionary withdrawal of the reference "for cause shown." Factors relevant to cause include: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the court's familiarity with the case, and whether the adversary proceeding is core or non-core. In re Coe-Truman Technologies, Inc., 214 B.R. at 187. The court must also consider whether the parties are entitled to a jury trial. See, e.g., In re Sevko, 143 B.R. 114, 117 (N.D. Ill. 1992).

In this case, Comdisco contends that: (1) IMA's motion is untimely; (2) withdrawal of the reference would be unproper because this is a core proceeding; and (3) judicial economy would be promoted by allowing this matter to proceed in the bankruptcy court. The court disagrees.

First, [HN4]there is no bright line rule that gives a party a certain number of [*4] days in which it may seek to withdraw the reference. Judge Lefkow granted a motion to withdraw the reference in another Comdisco insurance adversary proceeding on June 18, 2004, Comdisco Ventures, Inc. v. Federal Ins. Co. (In re Comdisco Ventures, Inc.), 2004 U.S. Dist. LEXIS 11128, Nos. 04 C 2007 & 04 C 2393, 2004 WL 1375353 (N.D. Ill. Jun. 18, 2004), Judge Black denied IMA's motion to dismiss on August 11, 2004, and IMA filed its motion to withdraw the reference on August 24, 2004. Given the very moderate lapse of time between the rulings from Judge Lefkow and Judge Black, it would be inappropriate to bar IMA from seeking to withdraw the reference. See

Page 3

*In re Sevko,* 143 B.R. 114, 115 (N.D. Ill. 1992) [HN5](a motion to withdraw the reference should be filed "as soon as possible, or at the first reasonable opportunity after the moving party has notice of the grounds for withdrawal, depending on the facts of each case").

The court next considers whether this is a core proceeding. [1] [HN6]The most important factor in determining if the reference should be withdrawn is whether the adversary proceeding sought to be withdrawn is core or non-core. *In re Sevko,* 143 B.R. at 117. [HN7]"[A] proceeding is core . . . if it invokes [*5] a substantive right provided by Chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Id., quoting Diamond Mortgage Corp. of Illinois v. Sugar,* 913 F.2d 1233, 1239 (7th Cir. 1990); *In re U.S. Brass Corp.,* 110 F.3d 1261, 1268 (7th Cir. 1997) [HN8]("core proceedings" are claims "by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy").

> [1]    The bankruptcy court has not determined whether this proceeding is core or non-core. *See* 28 U.S.C. § 157(b)(3). In the interests of judicial economy, the court will resolve this issue. *See In re: Comdisco Ventures, Inc.,*2004 U.S. Dist. LEXIS 11128, 2004 WL 1375353 at *2 n.2 [HN9](district court may determine whether a proceeding is core or non-core).

Here, the court sees no principled reason to depart from Judge Lefkow's thoughtful analysis of the precise issue before the court. *See* [*6] *In re: Comdisco Ventures, Inc.,* 2004 U.S. Dist. LEXIS 11128, 2004 WL 1375353 at *2-4. In short, the court agrees with Judge Lefkow's conclusion that this type of proceeding is non-core because: (1) claims against insurers over the "ownership" of insurance contracts require the court to interpret the terms of a contract; and (2) the right to collect upon an asset of the estate is not a substantive right granted by Title 11. *See id.; see also In re Coe-Truman Technologies, Inc.,* 214 B.R. at 187 (collecting cases holding that [HN10]"breach of contract claims have consistently and traditionally been found to be non-core"). Thus, the most important factor relating to withdrawal of the reference favors IMA.

Moreover, the insurance dispute is entirely severable from the bankruptcy proceedings, so withdrawal of the reference will not require the district and bankruptcy courts to address the same issues. This is especially true given that Comdisco's four other suits against insurers and insurance brokers are already consolidated and pending before Judge Lefkow for pretrial purposes. The court assumes that if the reference is withdrawn in this case, Judge Lefkow will deem it related and add it to her pending Comdisco matters. Keeping this [*7] matter before the bankruptcy court would, therefore, hinder judicial economy.

Finally, consolidating this action with the other Comdisco insurance cases will promote uniformity and be efficient. It will be less expensive to litigate the pre-trial matters together. Last but not least, the bankruptcy court's familiarity with the bankruptcy proceedings will not help it address the state law issues raised in adversary complaint. Accordingly, the court finds that withdrawal of the reference is warranted.

## Conclusion

IMA's motion to withdraw the reference [1-1] is granted.

DATE: 10-7-04

Blanche M. Manning

United States District Judge

## JUDGMENT IN A CIVIL CASE

Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that IMA's motion to withdraw the reference [1-1] is granted.

Date: 10/7/2004

# Document Separation Sheet



Analysis
As of: Feb 19, 2013

**WELLMAN THERMAL SYSTEMS CORPORATION, Plaintiff, vs. COLUMBIA CASUALTY COMPANY, GULF UNDERWRITERS INSURANCE COMPANY, TWIN CITY FIRE INSURANCE COMPANY, Defendants. IN RE: WELLMAN THERMAL SYSTEMS CORPORATION, ONE PROGRESS ROAD SHELBYVILLE, IN 46176, Debtor. WELLMAN THERMAL SYSTEMS CORPORATION, Plaintiff, vs. COLUMBIA CASUALTY COMPANY; GULF UNDERWRITERS INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY, et al., Defendants.**

**District Court Cause No. 1:05-cv-1191-JDT-TAB, Bankruptcy Court Cause No. 03-01934-JKC-7A, Adversary Proceeding Cause No. AP 05-100 IP**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION**

**2005 U.S. Dist. LEXIS 45725**

**October 5, 2005, Decided
October 5, 2005, Filed**

**SUBSEQUENT HISTORY:** Motion denied by, Motion granted by Golson-Dunlap v. Am. Motorists Ins. Co., 2007 U.S. Dist. LEXIS 22699 (S.D. Ind., Mar. 26, 2007)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff Chapter 11 debtor filed an adversary proceeding complaint against defendant insurance companies, seeking a declaration that they were required to defend and indemnify it with regard to a proof of claim filed by a creditor pertaining to alleged environmental damage at a site owned by the debtor. The companies moved to withdraw the reference to the bankruptcy court pursuant to 28 U.S.C.S. § 157(d).

**OVERVIEW:** The companies contended that the reference should be withdrawn because the adversary proceeding was a non-core proceeding, they had not consented to the entry of final orders or a judgment by the bankruptcy court, they had demanded a jury trial, and one company asserted a cross-claim, seeking contribution for any defense and indemnity payments that it might make. The court concluded that the debtor's claims were non-core because the source of the debtor's rights or remedies against the companies was not the federal bankruptcy code, but state contract law, the adversary proceeding did not invoke substantive bankruptcy law rights, and it could exist outside of bankruptcy. Several factors supported withdrawing the reference, including the companies' jury trial request, the fact that the efficiency of bankruptcy administration would not be affected, and that judicial economy would be promoted by having the proceeding tried in the court, given that the bankruptcy court's findings would be subject to de novo review in the court in any case. Withdrawal of the reference was also proper, given that it was unclear that the bankruptcy court could exercise jurisdiction over the cross-claim.

**OUTCOME:** The court granted the companies' motion

Page 1

to withdraw the reference. It ordered its clerk and the bankruptcy court clerk to effectuate the withdrawal of both the debtor's adversary proceeding complaint and any cross-claims.

**CORE TERMS:** adversary proceeding, withdrawal, non-core, jury trial, noncore, withdraw, insurer, insurance policies, environmental, cross claim, bankruptcy law, de novo review, abstention, site, final orders, judicial resources, pre-petition, withdrawing, familiarity, demanded, case law, contract law, insurance coverage, proof of claim, cause shown, judicial economy, single proceeding, substantive right, contract action, declaratory

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
[HN1]A district court judge may refer a matter to a bankruptcy judge and may withdraw such a reference for cause shown. 28 U.S.C.S. § 157(d). Factors considered in determining if cause has been shown are: judicial economy; promotion of uniformity and efficiency in bankruptcy administration; reduction of forum shopping; delay and costs to the parties; the particular court's familiarity with the case; and whether the adversary proceeding is core or non-core. Of these, the last is the most important.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
[HN2]See 28 U.S.C.S. § 157(d).

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
[HN3]Core proceedings are actions by or against a debtor that arise under the bankruptcy code in the strong sense that the code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law. An action to set aside a preference is an example of a core proceeding. An adversary proceeding is "non-core" if it does not invoke a substantive right created by federal bankruptcy law and is

one that could exist outside of bankruptcy. Examples of non-core proceedings are a claim of a debtor against a third party that can be determined without respect to bankruptcy law and a claim against a stranger to the bankruptcy proceeding (e.g., one who has not filed a claim) based on pre-petition contract-based rights. A non-core proceeding may be related to the bankruptcy because of its potential. effect. The impact of a claim on the size of the debtor's estate is a criterion of whether a claim is related to the bankruptcy and is, therefore, a non-core proceeding. Under Seventh Circuit case law, where the issue is the scope of coverage of insurance policies, the matter is a non-core proceeding.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Governments > Courts > Dicta*
*Insurance Law > Claims & Contracts > Declaratory Relief > Jurisdiction*
[HN4]Although the United States Court of Appeals for the Seventh Circuit has said that an insurance policy is an asset of the bankruptcy estate and that a request to determine the policy's validity with respect to the debtor is a core proceeding, the issues involved in the case were the validity of insurance policies, rather than their scope, and whether an adversary proceeding was "related" to the bankruptcy under 28 U.S.C.S. § 157(c). The statement was not supported by any citation to legal authority or analysis. A subsequent reference by the Seventh Circuit to this statement is mere dicta.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
[HN5]The United States District Court for the Northern District of Illinois has held that a bankruptcy debtor's adversary proceeding claims against its insurance companies were non-core.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
*Contracts Law > Breach > Causes of Action > General Overview*
[HN6]Where the federal bankruptcy code is not the source of a debtor's rights or remedies, the source of the debtor's rights is state contract law, the debtor's adversary action does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy, and the debtor's adversary proceeding is a

Case 12-02835-svk    Doc 41    Filed 02/19/13    Page 32 of 46

creature of state breach of contract law that could be pursued as an ordinary breach of contract action if the debtor were not in bankruptcy, the debtor's action does not arise under the bankruptcy code and is a non-core proceeding.

***Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings***
***Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts***
***Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings***
***Bankruptcy Law > Practice & Proceedings > Jury Trials***

[HN7]Whether an adversary proceeding is core or non-core is the most important factor when deciding whether to withdraw a reference from a bankruptcy court. Other factors favor withdrawing of the reference exist where withdrawal of the reference will neither negatively affect the uniformity and efficiency in bankruptcy administration nor promote forum shopping, because the issues presented by the adversary proceeding are not unique to bankruptcy law, and there is no indication that withdrawal of reference will increase delay and costs to the parties. Moreover, the right to a jury trial is sufficient cause to withdraw a reference to the bankruptcy court. Where a jury trial is required, the trial must be conducted in district court; the bankruptcy code does not authorize bankruptcy court judges to conduct jury trials.

***Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts***
***Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings***

[HN8]The fact that a bankruptcy court's determination on non-core matters is subject to de novo review by the district court could lead the latter to conclude that, in a given case, unnecessary costs can be avoided by a single proceeding in the district court. Where a bankruptcy court's decision is subject to de novo review, it is a more efficient use of judicial resources to decide the case in the district court. Because a bankruptcy court judge's proposed findings and conclusions in a non-core proceeding will be subject to de novo review by the district court, this possibly will result in inefficient duplication by the two courts.

***Bankruptcy Law > Practice & Proceedings >***

***Jurisdiction > Federal District Courts***

[HN9]A case does not meet all requirements for mandatory abstention under 28 U.S.C.S. § 1334(c)(2) where there is no pendent state court action.

***Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts***
***Civil Procedure > Federal & State Interrelationships > Abstention***

[HN10]Reference to a bankruptcy court does not insulate a case from abstention, if appropriate.

***Bankruptcy Law > Estate Property > General Overview***
***Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview***

[HN11]A bankruptcy court lacks jurisdiction over a dispute between claimants as to the right to property, where the bankruptcy estate disclaims any interest in the property, as the resolution of the dispute will not affect the amount of the property of the estate.

***Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > Counterclaims & Cross-Claims***
***Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts***
***Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Supplemental Jurisdiction > Same Case & Controversy***
***Civil Procedure > Pleading & Practice > Pleadings > Cross-Claims > General Overview***

[HN12]Uncertainty over a bankruptcy court's jurisdiction over a cross-claim raised in an adversary proceeding can be avoided by withdrawal of the reference. A district court may exercise supplemental jurisdiction over state law cross-claims pursuant to 28 U.S.C.S. § 1367; a bankruptcy court cannot.

**COUNSEL:** [*1] For JENICE GOLSON-DUNLAP, Trustee for Wellman Thermal Systems Corporation, Plaintiff (1:05-cv-01191-JDT-TAB): F. Ronalds Walker, George M. Plews, Jeffrey D. Featherstun, Jonathan P. Emenhiser, PLEWS SHADLEY RACHER & BRAUN, Indianapolis, IN.

For COLUMBIA CASUALTY COMPANY, Defendant (1:05-cv-01191-JDT-TAB): Mary Kaye Reeder, RILEY BENNETT & EGLOFF LLP, Indianapolis, IN; Mary A. Sliwinski, COLLIAU ELENIUS MURPHY

CARLUCCIO KEENER & MORROW, Chicago, IL.

For GREAT AMERICAN INSURANCE COMPANY, Defendant (1:05-cv-01191-JDT-TAB): A. Kelly Turner, Pro Hac Vice, LORD BISSELL & BROOK LLP, Chicago, IL; Ernesto Rafael Palomo, Pro Hac Vice, LORD BISSELL & BROOK LLP, Chicago, IL; Jeffrey C. Nelson, Louis T. Perry Melissa Megan Hinds, BAKER & DANIELS, Indianapolis, IN.

For NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., NEW HAMPSHIRE INSURANCE COMPANY, Defendants (1:05-cv-01191-JDT-TAB): Carrie Gibson Doehrmann, Hugh E. Reynolds, Jr., Jeffrey M. Boldt, Patricia Polis McCrory, LOCKE REYNOLDS LLP, Indianapolis, IN.

Wellman Thermal Systems Corporation, Debtor (03-01934-JKC-7A), Pro se, Shelbyville, IN.

Wellman Automotive Products, Inc., Joint Debtor, Pro se, Shelbyville, IN.

For Jenice Golson-Dunlap, [*2] Trustee (03-01934-JKC-7A): Indianapolis, IN; Paul D Gresk, Gresk & Singleton, Indianapolis, IN; Paul D. Gresk, Indianapolis, IN; Randolph Alan Leerkamp, Carmel, IN.

Randolph Alan Leerkamp, Trustee's Attorney, Pro se, Attorney at Law, Carmel, IN.

For Wellman Thermal Systems Corporation, Plaintiff (05-00100): F Ronalds Walker, LEAD ATTORNEY, Plews Shadley Racher & Braun, Indianapolis, IN; Jonathan P Emenhiser, LEAD ATTORNEY, Indianapolis, IN.

American Motorists Insurance Company, Defendant, Pro se.

For Columbia Casualty Company, Defendant (05-00100): Mary K Reeder, LEAD ATTORNEY, Riley Bennett & Egloff, LLP, Indianapolis, IN; Mary Sliwinski, LEAD ATTORNEY, Colliau Elenius Murphy Carluccio et al, Chicago, IL.

For Great American Insurance Company, Defendant (05-00100): Jeffrey C. Nelson, Baker & Daniels, Indianapolis, IN.

For Gulf Underwriters Insurance Company, Defendant: Charles W Browning, Plunkett & Cooney, P.C.,

Bloomfield Hills, MI.

For Illinois National Insurance Company, Defendant: Carrie G Doehrmann, Deborah K. Hepler, LEAD ATTORNEYS, Locke Reynolds LLP, Indianapolis, IN; Hugh Reynolds, LEAD ATTORNEY, Locke Reynolds Boyd & Weisell, Indianapolis, IN.

For Lumbermens Mutual Casualty Company, [*3] Defendant: Ginny L. Peterson, Michelle Hawk Kazmierczak, LEAD ATTORNEYS, Kightlinger & Gray, LLP, Indianapolis, IN; Mitchell Rose, LEAD ATTORNEY, Bollinger Ruberry & Garvey, Chicago, IL.

For National Union Fire Insurance Company of Pittsburgh, PA, New Hampshire Insurance Company, Defendants (05-00100): Carrie G Doehrmann, Deborah K. Hepler, LEAD ATTORNEYS, Locke Reynolds LLP, Indianapolis, IN; Hugh Reynolds, LEAD ATTORNEY, Locke Reynolds Boyd & Weisell, Indianapolis, IN; Jeffrey M. Boldt, Locke Reynolds LLP, Indianapolis, IN.

For Twin City Fire Insurance Company, Defendants: Knight S Anderson, LEAD ATTORNEY, Hill Fulwider McDowell Funk & Matthews, Indianapolis, IN.

For Westchester Fire Insurance Company, Defendants: Shannon L. Logsdon, Lewis Wagner, LLP, Indianapolis, IN; Tammy J. Meyer, LEAD ATTORNEY, Lewis Wagner, Indianapolis, IN.

**JUDGES:** John Daniel Tinder, Judge.

**OPINION BY:** John Daniel Tinder

**OPINION**

## ENTRY ON MOTIONS TO WITHDRAW REFERENCE (DKT. NOS. 1, 4 & 5)

1

> 1 This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

The Defendant Columbia Casualty Company moves the court for [*4] an order withdrawing the reference of this adversary proceeding to the bankruptcy court. The

Page 4

other defendants, Gulf Underwriters Insurance Company and Twin City Fire Insurance Company, join in the motion. The Plaintiff opposes the motion. The court rules as follows:

## I. BACKGROUND

On or about January 10, 2003, Wellman Thermal Systems Corporation filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The petition was converted into a Chapter 11 proceeding, and a Trustee appointed. Creditor Millenium LLC filed a proof of claim, alleging environmental impacts at a site in Shelbyville, Indiana where Wellman had performed various operations such degreasing, electroplating and painting. The Trustee employed an environmental firm to evaluate the environmental problems connected with the site.

On or about February 10, 2005, Wellman filed a complaint against the Defendant insurers, alleging that they issued policies of insurance to Wellman during the time period in which the environmental problems occurred. Wellman seeks a declaratory judgment that the insurers are obligated to defend Wellman or reimburse it for the costs of defense and to indemnify it with respect to environmental [*5] liability claims asserted against it. Wellman also seeks an award of damages for its costs in connection with the environmental investigation and cleanup at the site.

The Defendants have denied that the adversary proceeding is a core proceeding and have not consented to entry of final orders or judgment by the bankruptcy court. The Defendants have demanded a jury trial on all matters to which they are entitled to a jury trial. In addition, Twin City Fire Insurance Company ("Twin City") asserts a cross claim, alleging that if there is coverage under any insurance policies issued by Twin City, then Twin City is entitled to contribution from the other insurers for any defense and indemnity payment it makes.

## I. DISCUSSION

[HN1]A district judge may refer a matter to a bankruptcy judge and may withdraw such a reference "for cause shown." 28 U.S.C. § 157(d); In re Dorner, 343 F.3d 910, 914 (7th Cir. 2003). [2] Factors considered in determining if cause has been shown are: "judicial economy, promotion of uniformity and efficiency in

bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the particular court's familiarity with the case, and whether the adversary proceeding [*6] is core or non-core." In re Comdisco Ventures, Inc., Nos. 04 C 2007, 04 C 2393, 01-24795, 2004 U.S. Dist. LEXIS 11128, 2004 WL 1375353, at *2 (N.D. Ill. June 18, 2004). Of these, the last is the most important. Id. The Defendants argue that the withdrawal of reference is proper because this adversary proceeding involves non-core matters; they have demanded a jury trial and have not consented to final orders or judgments by the bankruptcy court; and a single proceeding would avoid unnecessary duplication of costs and judicial resources. Twin City adds that the bankruptcy court's jurisdiction over its cross claim is not entirely free from doubt. Wellman responds that its declaratory judgment action against its insurers is a core proceeding and even if it were non-core, the motion to withdraw is premature as the case is not yet trial ready.

> 2 § 157(d) provides in relevant part: [HN2]"The district court may withdraw, in whole or in part, any case or proceeding referred under this section . . . for cause shown."

[HN3]"Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural [*7] vehicle for the assertion of a right conferred by some other body of law, normally state law." In re United States Brass Corp., 110 F.3d 1261, 1268 (7th Cir. 1997). An action to set aside a preference is an example of a core proceeding. Id. An adversary proceeding is "noncore" if it "does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy[.]" Barnett v. Stern, 909 F.2d 973, 981 (7th Cir. 1990). Examples of a noncore proceeding are a claim of the debtor against a third party that can be determined without respect to bankruptcy law, id., and a claim against a stranger to the bankruptcy proceeding (e.g., one who has not filed a claim) based on pre-petition contract-based rights. U.S. Brass Corp., 110 F.3d at 1268; see also In re Apex Exp. Corp., 190 F.3d 624, 631-33 (4th Cir. 1999) (holding debtor's pre-petition based contract claim against party who had not filed a proof of claim with bankruptcy court was non-core proceeding); In re Orion Pictures Corp., 4 F.3d 1095, 1102 (2d Cir. 1993) (holding breach of contract action by debtor based on pre-petition contract against party who

Case 12-02835-svk    Doc 41    Filed 02/19/13    Page 35 of 46

had not filed a claim with the bankruptcy court [*8] was non-core proceeding). A non-core proceeding, however, "may be *related* to the bankruptcy because of its potential. effect[.]" *Barnett*, 909 F.2d at 981; *see U.S. Brass Corp.*, 110 F.3d at 1269 ("The impact of a claim on the size of the debtor's estate is a criterion of whether a claim is related to the bankruptcy and is therefore a noncore proceeding."). Under Seventh Circuit case law, where the issue is the scope of coverage of insurance policies the matter is a noncore proceeding. *U.S. Brass Corp.*, 110 F.3d at 1268.

In arguing that its adversary proceeding is a core proceeding, Wellman relies on dicta in *Home Insurance Co. of Illinois v. Cooper & Cooper, Ltd.*, 889 F.2d 746 (7th Cir. 1989), where [HN4]the court said that an insurance policy is an asset of the estate and that a request to determine the policy's validity with respect to the debtor is a core proceeding. *Id.* at 748. In *Home Insurance,* however, the claims were non-core and the issues were the validity of insurance policies rather than their scope, and whether the adversary proceeding was "related" to the bankruptcy under 28 U.S.C. § 157(c). *Id.* at 749. Furthermore, the statement from *Home Insurance* upon which Wellman relies [*9] is not supported by any citation to legal authority or analysis. *Id.* at 748. While *U.S. Brass* did not challenge that statement, its mention of *Home Insurance* was itself mere dicta, as the case involved questions of the scope of the insurance coverage and the claims were noncore proceedings. *U.S. Brass Corp.*, 110 F.3d at 1264-65, 1268.

Wellman also attempts to limit the relevance of *Comdisco Ventures*, but these efforts are unavailing. Comdisco Ventures filed an adversary proceeding against its insurers and brokers relating to insurance policies. [HN5]The court held that the claims against the insurance companies were non-core; the court did not merely rely on the interrelationship of those claims to the claims against the broker dealers, as Wellman implies. *Comdisco Ventures*, 2004 U.S. Dist. LEXIS 11128, 2004 WL 1375353 at *3. Wellman also cites to decisions of other jurisdictions, including the Second Circuit, but they are not controlling and are contrary to the Seventh Circuit case law. The Seventh Circuit has recognized that the First and Second Circuits have interpreted core proceedings more broadly than the other circuits, including the Seventh. *Barnett*, 909 F.2d at 981.

In this case, [HN6]the Bankruptcy Code is not the [*10] source of Wellman's rights or remedies against the insurer Defendants; that source is state contract law. Wellman's action does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy. Instead, it is a creature of state breach of contract law that could be pursued as an ordinary breach of contract action if Wellman were not in bankruptcy. Therefore, the court finds that Wellman's action against the insurer Defendants does not arise under the Bankruptcy Code and is a noncore proceeding. This conclusion is supported by *U.S. Brass Corp.* and the other decisions cited herein.

As stated, [HN7]whether the proceeding is core or noncore is the most important factor when deciding whether to withdraw the reference. *Comdisco Ventures, Inc.*, 2004 U.S. Dist. LEXIS 11128, 2004 WL 1375353, at *2. Yet several of the other factors favor withdrawing the reference as well. Withdrawal of the reference here will neither negatively affect the uniformity and efficiency in bankruptcy administration nor promote forum shopping because the issues presented by the adversary proceeding are not unique to bankruptcy law. In addition, there is no indication that withdrawal of reference will [*11] increase delay and costs to the parties either.

Moreover, the right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court. *Matter of Grabill Corp.*, 967 F.2d 1152, 1156 (7th Cir. 1992) (holding where jury trial is required trial must be conducted in district court; Bankruptcy Code does not authorize bankruptcy judges to conduct jury trials); 1 *Collier on Bankruptcy* § 3.04[a][b] (listing right to a jury trial among reasons for withdrawal of reference). The Defendants have demanded a jury trial and assert that they will not consent to any final orders or judgment by the bankruptcy court. Wellman responds that the case is not yet ready for trial, so withdrawal of reference at this time would be premature. Though insurance coverage cases sometimes are decided at the summary judgment stage and the interpretation of an insurance policy clearly is a legal question for the court, it does appear that in this case there may be genuine issues of fact necessitating trial. Certain efficiencies would be lost were the bankruptcy court to proceed with pretrial matters; the district court would not gain a valuable familiarity with the case that could assist it leading [*12] up to and through trial. Though the bankruptcy court could issue proposed findings of fact and conclusions of law, 28

Page 6

U.S.C. § 157(c)(1), in the court's view, considerations of judicial economy favor withdrawal of the reference. *See Orion Pictures Corp.*, 4 F.3d at 1101 ([HN8]"the fact that a bankruptcy court's determination on non-core matters is subject to *de novo* review by the district court could lead the latter to conclude that in a given case unnecessary costs could be avoided by a single proceeding in the district court"); *In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997) (where bankruptcy court's decision is subject to de novo review, it is a more efficient use of judicial resources to decide the case in the district court); *In re Almac's, Inc.*, 202 B.R. 648, 659 (D.R.I. 1996) (withdrawing reference to avoid the waste of judicial resources that would result from a de novo review of bankruptcy court's findings). The bankruptcy judge's proposed findings and conclusions in this noncore proceeding would be subject to de novo review by the district court, possibly resulting in inefficient duplication by the two courts. Thus, while the bankruptcy court has gained some familiarity [*13] with this case over the past few years, that factor does not tip the scales against withdrawal in light of the other factors that favor withdrawal.

Wellman speculates that this case might not remain in federal court if the reference were withdrawn. However, as Wellman acknowledges, this [HN9]case does not meet all requirements for mandatory abstention under 28 U.S.C. § 1334(c)(2)-there is no pendent state court action. *See, e.g., Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1009 (9th Cir. 1997); *In re S.G. Phillips Constrs., Inc.*, 45 F.3d 702, 708 (2d Cir. 1995) (prior state action is requirement for mandatory abstention). Furthermore, there has been no indication that Wellman or the Defendants actually would ask this court to abstain. And, if abstention were to become an issue, [HN10]reference to the bankruptcy court does not insulate the case from abstention, if appropriate. *See In re Porter-Hayden Co.*, 304 B.R. 725 (Bankr. D. Md. 2004) (abstaining from hearing debtor's non-core claims).

Finally, Wellman does not challenge Twin City's position that the bankruptcy court's jurisdiction over its cross claims is not entirely free from doubt. *See Matter of Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir. 1987) [*14] (holding[HN11] bankruptcy court lacks jurisdiction over dispute between claimants as to right to property where estate disclaims any interest in property as the resolution of the dispute would not affect the amount of the property of the estate). This [HN12]uncertainty can be avoided by withdrawal of the reference. The district court may exercise supplemental jurisdiction over the cross claims pursuant to 28 U.S.C. § 1367; the bankruptcy court cannot. *See In re Conseco, Inc.*, 305 B.R. 281, 287 (Bankr. N.D. Ill. 2004); *In re Fisher*, 151 B.R. 895, 899 (Bankr. N.D. Ill. 1993).

## III. CONCLUSION

For the reasons stated above, the Defendants' motions to withdraw reference of the Adversary Proceeding, i.e., the Complaint in Adversary No. AP05-100 IP and cross claims, (Dkt. Nos. 1, 4 & 5) are **GRANTED.**

The Clerks of the respective courts are directed to effectuate this withdrawal and process this case in the district court under this cause number.

ALL OF WHICH IS ENTERED this 5th day of October 2005.

John Daniel Tinder, Judge

United States District Court

# Document Separation Sheet



Analysis
As of: Feb 19, 2013

S.V., Plaintiff, v. KENNETH KRATZ, Defendant.

Case No. 12-C-705, Consolidating Case 10-C-919

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN

2012 U.S. Dist. LEXIS 104110

July 25, 2012, Decided
July 26, 2012, Filed

**SUBSEQUENT HISTORY:** Motion granted by, Motion denied by S. V. v. Kratz, 2012 U.S. Dist. LEXIS 158225 (E.D. Wis., Nov. 5, 2012)

**PRIOR HISTORY:** S.V. v. Kratz, 2011 U.S. Dist. LEXIS 142786 (E.D. Wis., Dec. 9, 2011)

**CORE TERMS:** withdraw, civil rights claims, personal injury, withdrawal, jury trial, tort claim, adversary proceeding, sexual harassment, cause shown, physical injury, contract claim, judicial economy, dischargeable, withdrawing, permissive, malicious, mandatory, suffering, shopping, willful, underlying claim

**COUNSEL:** [*1] For S.V. (1:12-cv-00705), Plaintiff: Michael R Fox, LEAD ATTORNEY, Fox & Fox SC, Monona, WI.

For Kenneth R Kratz (1:12-cv-00705), Defendant: William A Woodrow, LEAD ATTORNEY, Adams & Woodrow, Neenah, WI.

For S V (1:10-cv-00919), Plaintiff: Michael R Fox, Fox & Fox SC, Monona, WI.

Kenneth R Kratz (1:10-cv-00919), Defendant, Pro se, Appleton, WI.

For State of Wisconsin (1:10-cv-00919), Intervenor

Defendant: Carrie M Benedon, Monica A Burkert Brist, Wisconsin Department of Justice, Office of the Attorney General, Madison, WI.

**JUDGES:** William C. Griesbach, United States District Judge.

**OPINION BY:** William C. Griesbach

**OPINION**

**ORDER GRANTING MOTION TO WITHDRAW REFERENCE**

Plaintiff S.V. filed a civil action against Defendant Kenneth Kratz, the former district attorney of Calumet County, seeking damages under 42 U.S.C. § 1983 for Kratz's alleged sexual harassment of her. The Court denied a motion to dismiss for failure to state a claim and/or summary judgment, and the case was proceeding to trial when Kratz filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. As a result, the case before this Court was stayed. Plaintiff has not filed any proof of her claim in the bankruptcy proceeding, and she does [*2] not intend to submit the determination of her § 1983 claim to the jurisdiction of the bankruptcy court or waive her right to a jury trial of that claim in the district court. She has, however,

commenced an adversary proceeding in the bankruptcy action seeking a determination that the debt Kratz allegedly owes as a result of his sexual harassment of Plaintiff is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) because the injuries inflicted were willful and malicious. Plaintiff has also filed in this Court a motion to withdraw automatic reference to the bankruptcy court of both the determination of her civil rights claims and the adversary proceeding to determine its dischargeability. The motion will be granted.

Section 157 of Title 28 provides for both permissive and mandatory withdrawal of a reference to the bankruptcy court:

> (d) The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and [*3] other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). In addition, Section 157 states that the district court "shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending or in the district court in the district in which the claim arose ...." 28 U.S.C. § 157(b)(5).

Plaintiff argues that the Court must withdraw the reference of her civil rights claim because that claim is in essence a personal injury tort claim within the meaning of Section 157(b)(5). Neither Title 28 nor Title 11 offer a definition of the phrase "personal injury tort claim," and courts have disagreed as to what the phrase means. As Judge Stadtmueller noted in addressing this issue, courts have offered several diverging views as to what constitutes a "personal injury tort claim." *Lewis v. Cekosh*, 2010 U.S. Dist. LEXIS 50285, 2010 WL 2102452, * 2 (E.D. Wis. May 21, 2010) (citing *In re Arnold*, 407 B.R. 849, 851-52 (Bankr. M.D.N.C. 2009)). Some courts, adopting the narrowest definition of the term, hold that a personal injury tort claim requires an actual physical injury. 2010 U.S. Dist. LEXIS 50285,

[WL] at *3. Other courts at the [*4] other end of the spectrum adopt a more expansive view and hold that the term "embraces a broad category of private or civil wrongs or injuries for which a court provides a remedy in the form of an action for damages, and includes damage to an individual's person and any invasion of personal rights, such as libel, slander and mental suffering." *Id.* (quoting *In re Boyer* 93 B.R. 313, 317 (Bankr. N.D.N.Y. 1988)).

In this Court's view, Plaintiff's § 1983 claim falls within the rule requiring trial in the district court. The term personal injury encompasses more than just physical injuries. It means injury to the person of another. The mental and emotional suffering and humiliation alleged by Plaintiff constitute injuries to her person. Moreover, Section 1983 has been repeatedly characterized as a tort statute. *See, e.g., Wilson v. Garcia*, 471 U.S. 261, 277, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985) ("Congress unquestionably would have considered the remedies established in the Civil Rights Act to be more analogous to tort claims for personal injury than, for example, to claims for damages to property or breach of contract"); *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 516 (7th Cir. 1993) (§ 1983 claim of race discrimination [*5] in employment under the Equal Protection Clause is "a constitutional tort rather than a contract claim, as section 1983 is a tort statute"); *Farrell v. McDonough*, 966 F.2d 279, 280 (7th Cir. 1992) ("all section 1983 actions are best characterized as personal injury actions"). *See also Heck v. Humphrey*, 512 U.S. 477, 483, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994) ("We have repeatedly noted that 42 U.S.C. § 1983 creates a species of tort liability"). The Court therefore concludes that withdrawal of the reference as to Plaintiff's civil rights claim is mandatory under the statute. Though neither party mentions it, the same conclusion would seem to follow as a constitutional matter from consideration of the Supreme Court's decision in *Stern v. Marshall*, ___ U.S. ___, 131 S.Ct. 2594, 2605, 180 L. Ed. 2d 475 (2011). *See In re Palazzola*, 2011 Bankr. LEXIS 3225, 2011 WL 3667624, * 5 (Bankr. N.D. Ohio Aug 22, 2011) (holding that Plaintiff's § 1983 claim "is the subject of a suit at the common law" such that Article III assigns responsibility for deciding that claim to Article III judges) (citing *Marshall*, 131 S.Ct. at 2609). Either way, it would seem withdrawal is required.

Even if withdrawal of the reference of Plaintiff's civil rights claim was not statutorily or constitutionally [*6]

Page 2

mandated, however, the Court would reach the same result in exercising the discretion afforded it under the statute to withdraw the reference "for cause shown." 28 U.S.C. § 157(d). Though permissive withdrawal is the exception, rather than the rule, district courts have "broad discretion to determine whether to withdraw a reference based on cause" . . . . *In re K & R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007). The statute itself does not define what constitutes cause, but courts have considered a number of factors including whether the proceeding is core or non-core, considerations of judicial economy and convenience, promoting the uniformity and efficiency of bankruptcy administration, reduction of forum shopping and confusion, conservation of debtor and creditor resources, and whether the parties requested a jury trial. *See, e.g., In re Beale*, 410 B.R. 613, 617 (N.D. Ill. 2009); *In re Peanut Corp. of America*, 407 B.R. 862, 865 (W.D. Va. 2009); *In re Apponline.Com., Inc.*, 303 B.R. 723, 726 (E.D.N.Y. 2004). All of these factors support withdrawal of the reference in this case.

Both matters, the underlying civil rights claim and the question of whether the alleged debt is [*7] dischargeable, are core proceedings within the meaning of Section 157(b)(2). Given this Court's previous experience with this case in particular and Section 1983 cases in general, judicial economy is likely served by withdrawing the reference. In light of this Court's previous ruling in the underlying case, withdrawing the reference will improve bankruptcy administration by removing a case with which it is not as familiar and avoid the possible appearance of forum shopping. Finally, Plaintiff has requested and is entitled to a jury trial on her claim. Unless Plaintiff's motion to withdraw the reference concerning her claim is granted, her right to a jury trial would be conditioned on Kratz's consent. 28 U.S.C. § 157(e). Plaintiff's right to a jury trial should not be up to the person she has sued.

For all of these reasons, Plaintiff's civil rights action should be tried in the Court in which it has been pending now for close to two years. And since the underlying claim will be tried in this Court, it only makes sense that the question of whether the debt, if any, arising out of that claim is dischargeable be decided by this Court as well. Severing the question of whether Kratz's conduct [*8] was willful and malicious from the trial of the underlying claim would needlessly waste judicial resources and open the door to inconsistent findings. Accordingly, the reference for Plaintiff's adversary proceeding will also be withdrawn.

For the reasons set forth, Plaintiff's motion is granted. This case will be consolidated with Case No. 10-C-919, and the Clerk is directed to set both matters on the Court's calendar for a Rule 16 telephone conference to discuss further scheduling.

**SO ORDERED** this 25th day of July, 2012.

/s/ William C. Griesbach

William C. Griesbach

United States District Judge

## CERTIFICATE OF SERVICE

I, Armida Flores, declare as follows:

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and am not a party to this action. My business address is 865 South Figueroa Street, Suite 3100, Los Angeles, CA 90017-5450.

I certify that on February 19, 2013, I served a full and correct copy of the foregoing **REPLY OF LONDON MARKET INSURERS IN SUPPORT OF THEIR MOTION TO WITHDRAW THE REFERENCE OF THE ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. § 157(d) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011(a)** on all interested parties receiving notice in this case via the Court's CM/ECF electronic notice system as follows:

Jeffrey Anderson on behalf of Plaintiff Dean Weissmuller
jeff@andersonadvocates.com, therese@andersonadvocates.com;erin@andersonadvocates.com

Bruce G. Arnold on behalf of Plaintiff Archdiocese of Milwaukee
barnold@whdlaw.com, jdowd@whdlaw.com

Gillian N. Brown on behalf of Creditor Committee Official Committee of Unsecured Creditors
gbrown@pszjlaw.com, pdoyle@pszjlaw.com

Kenneth H. Brown on behalf of Creditor Committee Official Committee of Unsecured Creditors
kbrown@pszjlaw.com

Marcos G. Cancio on behalf of Defendant Ageas Insurnace Limited
marcos.cancio@sedgwicklaw.com

Daryl L. Diesing on behalf of Plaintiff Archdiocese of Milwaukee
ddiesing@whdlaw.com, pbartoli@whdlaw.com

Michael Finnegan on behalf of Plaintiff Dean Weissmuller
mike@andersonadvocates.com, therese@andersonadvocates.com

Lindsey M. Johnson on behalf of Plaintiff Archdiocese of Milwaukee
ljohnson@whdlaw.com, lbukowski@whdlaw.com;cgibbs@whdlaw.com

Jeff D Kahane on behalf of Counter-Claimant Ageas Insurnace Limited
jkahane@duanemorris.com

Francis H. LoCoco on behalf of Plaintiff Archdiocese of Milwaukee
flococo@whdlaw.com

Mark S. Nelson on behalf of Defendant Stonewall Insurance Company
mnelson@ncctslaw.com

Paul A. Richler on behalf of Creditor Committee Official Committee of Unsecured Creditors
prichler@richlerlaw.com

Albert Solochek on behalf of Creditor Committee Official Committee of Unsecured Creditors
alsolochek@hswmke.com, skoceja@hswmke.com

James I. Stang on behalf of Creditor Committee Official Committee of Unsecured Creditors
jstang@pszjlaw.com, dhinojosa@pszjlaw.com

Catalina J. Sugayan on behalf of Defendant Ageas Insurnace Limited
catalina.sugayan@sedgwicklaw.com

Philip J. Tallmadge on behalf of Defendant Stonewall Insurance Company
ptallmadge@ncctslaw.com

### February 20, 2013 - VIA US MAIL:

Andrew Weir Insurance Company Limited
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Archdiocese of Milwaukee
3501 South Lake Drive
Milwaukee, WI 53702-0912

Argonaut Northwest Insurance Company Limited
c/o Mends & Mount
750 7th Ave.
New York, NY 10019-6829

Bellefonte Insurance Company
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Bermuda Fire & Marine Insurance Company
c/o Mendes & Mount
750 7th Ave.
New York, WI 10019-6829

DM3\2325029.1

Bermuda Fire & Marine Insurance Company Ltd.
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

English and American Insurance Company Limited
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

English and American Insurance Company Limited "M" Account
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019

L.T.B. Highlands Insurance Company
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

London and Overseas Insurance Company Limited
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Donald Marshall
5924 West Lincoln Ave. #3
West Allis, WI 53219

Minster Insurance Company Limited
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

David P. Muth
Quarles & Brady LLP
411 East Wisconsin Ave
Suite 2040
Milwaukee, WI 53202

NED Lloyd Non Life
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

3

North Atlantic Insurance Co.
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Orion Insurance Company "T" Acct.
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Orion Insurance Company Limited
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Russell W. Roten
Duane Morris LLP
865 S. Figueroa Street
Suite 3100
Los Angeles, CA 90017-5450

John A. Rothstein
Quarles & Brady LLP
411 East Wisconsin Avenue
Suite 2040
Milwaukee, WI 53202-4497

Select Markets Insurance Company
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Southern American Ins. Co.
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Stonewall Insurance Company
c/o Roger Weede
Roger H. Weede S.C.
312 E. Wisconsin Ave.
Milwaukee, WI 53202

DM3\2325029.1

Swiss Union Insurance Company Limited
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Walbrook Insurance Company Ltd.
c/o Mendes & Mount
750 7th Ave.
New York, NY 10019-6829

Dean Weissmuller
8867 West Weldon Avenue
Phoenix, AZ 85037

DM3\2325029.1